### SIMMONS v. BELVIN.

No. 4416.   Opinion Filed May 11, 1915.

(148 Pac. 987.)

**APPEAL AND ERROR—Time for Taking Appeal—Dismissal.** A petition in error will be dismissed, even though the same is filed in this court within the six months allowed under the statute, where no waiver of issuance and service of summons is had, and no praecipe for same filed, and no summons is issued nor general appearance made within such time.

(Syllabus by Watts, C.)

*Error from District Court, Choctaw County;*
*A. H. Ferguson, Judge.*

Action by Solomon J. Belvin against O. A. Simmons. Judgment for plaintiff, and defendant brings error. Dismissed.

*Stewart & McDonald,* for plaintiff in error.

*McPherren & Cochran, Chas. P. Abbott,* and *Howe & Stanley,* for defendant in error.

Opinion by WATTS, C. This action was commenced in the district court of Choctaw county on the 24th day of April, 1909, by the defendant in error, Solomon J. Belvin, against the plaintiff in error, O. A. Simmons, who will be referred to as they appeared in the court below. Issues were joined, and the case was tried to the court without the intervention of a jury on April 3, 1912, on which date judgment was rendered for the plaintiff and against the defendant. Motion for new trial was filed on the 4th day of April, 1912, on which date it was heard, overruled, and exceptions taken, and the time was extended for defendant to make and serve a case-made. The case-made was filed in the office of the clerk of the Supreme Court on October 1, 1912, and on October 7, 1912, the defendant filed a stipulation in the office of the clerk of this court, whereby the plaintiff entered his appearance, waiving the issuance of summons in error.

The Session Laws of 1910-11, c. 18, provide:

"Section 1. Section 574 of chapter 66, of the General Statutes of Oklahoma, 1893, entitled, 'An act to provide a code of civil procedure for the territory of Oklahoma,' is hereby amended to read as follows: 'Section 574. All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of.' "

It will be noted that the petition in error and the case-made were filed in this court on the 1st day of October, 1912, but no præcipe for summons in error was filed, no summons in error issued, and no entry of general appearance of plaintiff was made before the expiration of six months from the order overruling the motion for a new trial. No summons in error has ever been issued

or served.   Under numerous decisions by this court, the petition in error will be dismissed, although filed within the six months allowed by statute, if summons in error is not issued or waived, or a præcipe filed therefor, or general appearance made by the defendant in error within six months.   This proceeding in error must be dismissed for want of jurisdiction.

"After the year [six months, Session Laws 1910-11, *supra*] allowed by statute for commencement of the proceeding in error in this court expires, parties cannot by agreement confer jurisdiction upon the court." *(Anderson et al. v. McMahon et al.,* 33 Okla. 377, 125 Pac. 455, and cases cited.)

We therefore recommend that the case be dismissed for want of jurisdiction.

By the Court:   It is so ordered.