## BUCKNER et al. v. WALTON TRUST CO.

No. 9276—Opinion Filed Nov. 6, 1917.

(168 Pac. 797.)

(Syllabus.)

### Appeal and Error—Appellate Proceedings—Dismissal—Statute.

Where no praecipe for summons in error is filed, or summons issued, or waiver of issuance and service of summons, or a general appearance made, within six months after the rendition of the judgment complained of, the proceedings will not be deemed commenced, as required by Session Laws 1910-11, p. 35, c. 18, and on motion the appeal will be dismissed.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action between Isadore Buckner and another and the Walton Trust Company. Judgment for the latter, and the former bring error. Motion to dismiss appeal sustained.

E. T. Barbour, for plaintiffs in error.

Furry & Motter, for defendant in error.

KANE, J. This cause comes on to be heard upon motion of the defendant in error to dismiss the appeal herein, upon the ground, among others:

"That summons in error from the Supreme Court of the state of Oklahoma was not issued and served as required by law."

An examination of the record discloses that the order appealed from was entered on the 4th day of January, 1917; that case-made and petition in error were filed in this court on the 3d day of July, 1917, and that no praecipe for summons in error has been filed, or summons issued, or waiver of such issuance and service of summons, or a general appearance made. In these circumstances, under the law in force at the time the order appealed from was entered, the action cannot be deemed to have been commenced in this court so as to give the Supreme Court jurisdiction of the appeal, the same not having been perfected within six months from the 4th day of January, 1917, the date of the order complained of. Braggs Merc. Co. v. Richardson D. G. Co., 47 Okla. 124, 147 Pac. 1194; Tupelo Town-Site Co. v. Cook, 43 Okla. 199, 141 Pac. 1167; Simmons v. Belvin, 48 Okla. 1, 148 Pac. 989.

For the reason stated, the motion to dismiss must be sustained. It is so ordered.

All the Justices concur.