## MILLER v. BROWNFIELD et al.

No. 9450—Opinion Filed Sept. 24. 1918.

(175 Pac. 211.)

1. **Appeal and Error — Procedure—Issuance of Summons—Appearance by Plaintiffs in Error.**

In appeals to this court from judgments rendered prior to March 23, 1917, the procedure is governed by sections 5238 5240, Revised Laws Oklahoma 1910. and when a praecipe for the issuance of a summons in error is not filed and a summons in error is not issued or waived, nor a general appearance in this court entered by the defendant in error, this court is without jurisdiction to entertain such attempted appeal.

2. **Same—Notice of Appeal—Statute.**

Section 1, c. 219, Sess. Laws 1917, is not retroactive, and does not apply to appeals taken from judgments rendered prior to March 23, 1917.

3. **Same.**

In order to confer jurisdiction on this court of an appeal from a judgment rendered since March 23, 1917. "the party desiring to appeal must give notice in open court either at the time judgment is rendered or within ten days thereafter of his intent to appeal to the Supreme Court."

(Syllabus by Collier, C.)

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Action by Julia Miller against A. W. Brownfield and others. Judgment for defendants, and plaintiffs bring error. Appeal dismissed.

James W. Breedlove and Owen Owen, for plaintiff in error.

James B. Diggs, Rush Greenslade, and William C. Liedtke, for defendant in error Gypsy Oil Co.

Biddison & Campbell, for defendants in error Pearce.

Opinion by COLLIER, C. This action was brought by plaintiff in error against the defendants in error to quiet title to lands described in the petition. Judgment was rendered for defendants in error, plaintiff taxed with costs, to which plaintiff in error excepted and brings error to this court.

The Gypsy Oil Company and other defendants appear specially and move the dismissal of the appeal upon the ground, together with other grounds, that:

"No summons in error have been issued nor served upon the defendants in error, and there has been no waiver of summons in error nor general appearance of the defendants in error in the Supreme Court."

The record discloses that a motion for a new trial in this case was overruled on March 13, 1917, and petition in error filed September 12, 1917, and that no praecipe for summons in error has been filed and no summons in error has been issued or waived, and that no general appearance has entered by the defendants in error in the Supreme Court. The record further discloses that no notice was given of the intention to appeal. If the law prior to the amendment by chapter 219, Session Laws 1917, is the law governing the appeal, then the fatal defect is that no praecipe for summons in error has been filed and no summons in error has been issued and served, or waived, and no general appearance has been entered by the defendants in error in the Supreme Court. If, on the other hand, the appeal is governed by chapter 219, Session Laws 1917, which became effective March 23, 1917, then the record discloses that no notice of the intention to appeal was given as required by law. In short, on the one hand, there is a failure as to the summons in error, while, on the other hand, there is a failure to give notice of intention to appeal, and, regardless of what law governs the appeal, there is a fatal defect in either event.

Section 1, c. 219, Session Laws 1917, provides that summons in error shall not be required, but that the party desiring to appeal shall give notice in open court at the time the judgment is rendered, or within ten days thereafter, of his intention to appeal. Section 1, c. 219, Session Laws 1917, did not become effective until March 23, 1917, and is not retroactive, and the motion for a new trial being overruled, and the judgment in the instant case rendered prior to March 23, 1917, this attempted appeal is not governed by said section 1, c. 219, supra, but is governed by sections 5238-5240, Revised Laws 1910, and no praecipe for the issuance of a summons in error having been filed, and no summons in error having been issued or waived, nor a general appearance entered by the defendant in error, this court is without jurisdiction to entertain the attempted appeal in this case.

In Watkins et al. v. Barnwell, 35 Okla. 205, 128 Pac. 511, it is held:

"A petition in error filed in this court within the six months allowed by the statutes, when neither waiver or issuance and service of summons filed and summons issued thereon, nor general appearance made within such statute period, must on motion be dismissed."

In the case of Barber v. Honeywell, 67 Okla. 150, 169 Pac. 489, it is held:

"This case is before this court upon a motion to dismiss the petition in error. Judgment was rendered by the trial court on March 5, 1917, and on March 13, 1917, an order was made overruling a motion for a new trial. A petition in error with case-made attached was filed in this court on August 20, 1917, but no praecipe for summons in error has been filed nor summons served nor issued, nor has there been any waiver of such issuance or service of summons, nor a general appearance made by any defendant in error, although more than nine months have elapsed since the order overruling the motion for a new trial. Section 1, c. 219, Laws 1917, p. 403, was not effective until March 23, 1917, and is therefore inapplicable. Merriett v. Newton, 67 Okla. 150, 169 Pac. 488; Buckner v. Walton Trust Co., 67 Okla. 55, 168 Pac. 797. The motion to dismiss is sustained, and the petition in error is dismissed for want of jurisdiction."

In Buckner et al. v. Walton Trust Co., 67 Okla. 55, 168 Pac. 797, Justice Kane delivering the opinion of the court held:

"Where no praecipe for summons in error is filed, or summons issued, or waiver of issuance and service of summons, or a general appearance made, within six months after the rendition of the judgment complained of, the proceedings will not be deemed commenced, as required by Session

Laws 1910-11, p. 35, c. 18, and on motion the appeal will be dismissed."

This record does not show that a notice of intention to appeal was given as required by said section 1, c, 219, supra, and even if this appeal was governed by said section 1, c. 219, amending section 5238, Revised Laws 1910, said notice of intention to appeal being mandatory, the motion to dismiss is well taken, as in the absence of such notice this court is without jurisdiction to entertain such attempted appeal.

In Merriett et al. v. Newton et al., 67 Okla. 150, 169 Pac. 488, decided December 24, 1917, it is held:

"The right of appeal is governed by the law applicable thereto at the time the judgment appealed from is rendered. Hence it is held that section 1, chapter 219, of the 1917 Session Laws, with reference to giving notice of appeal, is not applicable to an appeal from a judgment rendered March 1, 1917, since that law did not become effective until March 23, 1917."

Judge Brett, in the body of the opinion, says:

"The defendants in error move to dismiss the appeal in this case, for the reason that no summons in error from the Supreme Court was issued and served as required by law.

"The facts are: That the order overruling the motion for new trial was made and entered March 1, 1917. The plaintiffs in error at that time gave notice of appeal in open court, which would be sufficient under section 1, c. 219, 1917 Session Laws. But that law did not become effective until March 23, 1917, or 22 days after the order appealed from was made. And it is the holding of this court that the right of appeal is governed by the provisions of the law applicable thereto at the time the judgment appealed from is rendered. Oklahoma Land Co. v. Thomas, 43 Okla. 217, 142 Pac. 801. And under the precise conditions involved in this case in Buckner v. Walton Trust Co., 67 Okla. 55, 168 Pac. 797, the court held that, in the absence of a summons in error, an appeal taken from a judgment rendered January 4, 1917, could 'not be deemed to have been commenced in this court so as to give the Supreme Court jurisdiction of the appeal.'

"Hence, since the law in force at the time the order appealed from has not been complied with, and the 1917 act is not retroactive, the appeal must be dismissed."

In J. J. Cates v. W. P. Miles et al., 67 Okla. 192, 169 Pac. 888, is held:

"Section 5238, Revised Laws Oklahoma 1910, as amended by the act of March 23, 1917, is mandatory, and among other things provides that the party desiring to appeal shall give notice in open court either at the time the judgment is rendered or within ten days thereafter of his intention to appeal to the Supreme Court."

Justice Kane, in the body of the opinion, says:

"The record shows that the order sustaining the demurrer to the second amended petition was entered on the 24th day of February, 1917. The final judgment in the case was entered on the 4th day of May, 1917. The act of March 23, 1917, requiring ten days' notice of intention to appeal, carried an emergency clause, and therefore was in force and effect from the date of its passage and approval. Since the plaintiff in error, as found above, waived his right to appeal from the first order, if he appealed at all, it necessarily must be from the judgment of May 4, 1917, at which time the act of March 23, 1917, was in force and effect. The provisions of said act are mandatory, and among other things, it is provided therein: 'The party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court.' Therefore, in order to take such appeal, he was required to give the notice required by the provisions of the above act. It is conceded that no such notice was given of plaintiff in error's intention to appeal from said final judgment.

"For the reason that plaintiff in error waived his right to appeal from the order sustaining the demurrer to his second amended petition, and failed to give notice in open court within ten days of his intention to appeal from the final judgment in the cause, the appeal must be dismissed."

The second syllabus in said case reads:

"Section 5238, Rev. Laws Okla. 1910, as amended by Act March 23, 1917 (Laws 1917, c. 219, sec. 1), is mandatory, and, among other things, provides that: 'The party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court.'"

It is not contended, or even suggested, by the plaintiff in error, that a praecipe for summons in error was filed, or that a summons in error was issued or served, or that the same was waived, or that a general appearance was made, or that a notice of the intention to appeal was given, as required by the act of March 23, 1917, and the record fails to disclose that a summons in error was issued, served, or waived, or a general appearance entered, or that notice of appeal was given, as required by said act of March 23, 1917. It therefore clearly appears

that it is entirely immaterial whether the attempted appeal is taken under the law existing prior to the act of March 23, 1917, or after the adoption of said act, this court is without jurisdiction to entertain the same, and this attempted appeal must be dismissed; and it is so ordered.

By the Court: It is so ordered.