## ATKINS et al. v. LYNHOLM.

No. 10515—Opinion Filed June 13, 1922.

Rehearing Denied Sept. 26, 1922.

(Syllabus.)

**Appeal and Error—Notice of Appeal—Necessity.**

Section 5238, Rev. Laws Okla. 1910, as amended by act of March 23, 1917 (Laws 1917, c. 219), is mandatory, and among other things, provides that "the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intention to appeal to the Supreme Court." Said act, being passed with an emergency clause attached, became effective from the date of its passage and approval, and an attempted appeal taken after said date, not in conformity to its provisions, will be dismissed.

Error from District Court, Texas County; Arthur G. Sutton, Judge.

Action by Holger Lynholm against W. T. Atkins and others. Judgment for plaintiff, and defendants bring error. Appeal dismissed.

Loofbourrow & Rizley, A. S. Dickson, and F. S. Macy, for plaintiffs in error.

V. H. Grimstead and Howard & Beets, for defendant in error.

JOHNSON, J. On December 6, 1921, the defendant in error filed a motion to dismiss this appeal, on the grounds and for the reasons as follows, to wit:

"First. Because the case-made filed in the above entitled cause wholly fails to show that the said plaintiffs in error ever gave notice of appeal to the Supreme Court of the state of Oklahoma as required by House Bill No. 576 of the Session Laws of 1917 of the state of Oklahoma, page 287 of the 1917 Session Laws, which reads as follows, to wit: 'The proceedings to obtain such reversal, vacation or modification shall be by petition in error filed in the Supreme Court setting forth the error complained of; but no summons in error shall be required and the party desiring to appeal shall give notice in open court either at the time the judgment is rendered or within ten days thereafter of his intention to appeal to the Supreme Court. If said judgment shall be rendered within less than ten days of the expiration of any term of the court from which an appeal is to be taken, such notice may be given within ten days after the rendition of said judgment, and such notice of intention to appeal shall be entered by the clerk of the court on the trial docket of said court.'

"Second. On the grounds and for the reason that the petition for a new trial, the order overruling which is attempted to be appealed from, was filed after the term at which the original judgment was rendered and the petition for a new trial is not verified."

The record discloses that the defendant in error, as plaintiff below, commenced an action in the district court in Texas county in ejectment to recover the tract of land described in his petition, and that on November 27, 1916, he recovered a judgment in his favor, and that thereafter, on November 29, 1916, the plaintiffs in error filed their motion for new trial, which was overruled by the court on December 19, 1917, to which the defendants excepted, and their exceptions were by the court allowed and incorporated in the journal entry of the court's order overruling the motion for new trial, in which journal entry the court granted a stay of execution for a period of 20 days from and after the 19th day of December, 1917, and a further stay of execution from and after said day, upon the defendants' filing a supersedeas bond in the sum of $2,000 to be approved by the clerk of the court, and a further extension of 60 days was granted the defendants in which to make and serve a case-made, giving the plaintiff 15 days to suggest amendment, to be settled and signed upon five days' notice; and further ordered that the appeal should be docketed in the Supreme Court of the state within 90 days after said 19th day of December, 1917.

The record further discloses that the supersedeas bond was filed and approved by the court within the 20 days, on, to wit, January 5, 1918, and that on the 13th day

of February, 1918, a further extension of 60 days' time was granted from February 17, 1918, and ten days after service of case-made allowed the plaintiff to suggest amendment thereto, to be settled and signed in five days' notice, and that the time for perfecting the appeal in said cause and docketing the same in this court was extended to June 17, 1918. That thereafter, on May 22, 1918, the defendants filed in the trial court a petition for new trial, which petition recited in substance the foregoing facts, and in addition thereto, as specific grounds for such new trial, alleged as follows:

"Defendants further state that without any fault or neglect on their part, or without any fault or neglect on the part of their attorneys, that the shorthand notes, taken by Franz J. Kim, court reporter who reported the trial of said cause, have been lost or destroyed and cannot now be found; defendants further state that the shorthand notes reporting the trial of said cause were left with George M. Frittz, clerk of the district court of Texas county, Okla., and after diligent search by said clerk he is unable to find said shorthand notes. Defendants state that said shorthand notes cannot be produced; that oral testimony was taken in the hearing and trial of said cause and that defendants are unable to make a case-made on the account and for the reason that said shorthand notes are lost or destroyed and cannot be found. Reference is here had to all the files and records of Texas county, Okla., in the case entitled Holger Lynholm v. W. T. Atkins et al., and the same are made a part of this petition as though fully rewritten herein. Defendants further state that because of the foregoing facts they are entitled to a new trial of the issues in said cause and proceedings.

"Defendants further state that soon after the order fixing the time within which a case-made may be prepared they paid the said court reporter an advance cost deposit in the sum of $15 to apply on account of the expenses of transcribing said notes."

Said petition for new trial being urged under the provisions of section 5037, Rev. Laws 1910, providing that:

"Where the grounds for a new trial cannot with reasonable diligence have been discovered before, but are discovered after the term at which the verdict or decision was rendered or made, or report of the referee approved, or where the impossibility of making case-made without fault of the complaining party arose after said term."

Which petition for new trial was heard and evidence taken and overruled by the trial court on October 19, 1918. And it is from that ruling of the court that this appeal was lodged in this court on March 15, 1918, by petition in error, with copy of case-made attached, containing the assignments of error that:

"(1) Said court erred in not rendering judgment for plaintiffs in error on the pleadings and evidence.

"(2) Said court erred in overruling the motion of plaintiffs in error for new trial."

After the filing of the defendant in error's motion to dismiss this appeal, and on, to wit, January 17, 1922, this court granted the plaintiffs in error permission to withdraw the case-made for the purpose of having the same corrected by the trial court after five days' notice to the defendant in error, and thereafter, on February 2, 1922, the plaintiffs in error made application to this court to extend the time to correct case-made, and on said day this court ordered that the plaintiffs in error be granted 60 days to correct case-made, and thereafter, on April 10, 1922, this court ordered that the plaintiffs in error be given permission to take evidence to be used before the trial court in support of their application to have case-made amended.

And the record further discloses that on April 22, 1922, the matter of amending the case-made was heard and evidence taken by the trial court, and at the conclusion of said hearing the trial court made an order denying said application of the plaintiffs in error, and refused to make any order permitting any change in the record.

It clearly appears from examination of the record that the first ground of the motion to dismiss, that no notice of appeal to the Supreme Court, as required by House Bill No. 576 of the Session Laws of 1917, was given and entered in the trial docket at the time of overruling the motion for new trial on December 19, 1917, is sustained by the record.

In the case of Miller v. Brownfield et al., 73 Oklahoma, 175 Pac. 211, this court stated in syl. parag. 3 as follows:

"In order to confer jurisdiction on this court of an appeal from a judgment rendered since March 23, 1917, 'the party desiring to appeal must give notice in open court, either at the time judgment is rendered, or within ten days thereafter, of his intention to appeal to the Supreme Court.'"

Also, in the case of Holbert et al. v. Patrick et al., 72 Oklahoma, 177 Pac. 566, this court stated in the syllabus as follows:

"Section 5238, Rev. Laws Okla. 1910, as amended by act of March 23, 1917 (Laws 1917, c. 219), is mandatory, and among

other things, provides that 'the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court. Said act, being passed with an emergency clause attached, became effective from the date of its passage and approval and an attempted appeal taken after said date, not in conformity to its provisions, will be dismissed."

The appeal is hereby dismissed.

McNEILL, MILLER, ELTING, KENNAMER, and NICHOLSON, JJ., concur.