**HOLBERT et al. v. PATRICK et al.**

No. 9628—Opinion Filed March 21, 1918.

Rehearing Denied Jan. 21, 1919.

(177 Pac. 566.)

(Syllabus.)

**Appeal and Error—Statute—Notice of Appeal—Mandatory Statute — Emergency Clause.**

Section 5238, Rev. Laws of Okla. 1910, as amended by Act of March 23, 1917 (Laws of 1917, c. 219), is mandatory, and among other things provides that "the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court." Said act, being passed with an emergency clause attached, became effective from the date of its passage and approval, and an attempted appeal taken after said date, not in conformity to its provisions, will be dismissed.

Error from District Court, Nowata County; W. J. Campbell, Judge.

Action between Alice Holbert and others and Ed R. Patrick and others. From the judgment, the former bring error. Dismissed.

W. H. Vann, for plaintiffs in error.

Chase & Campbell, for defendants in error.

KANE, J. This cause now comes on for consideration upon motion to dismiss filed herein by the defendants in error, for the reason, among others, that "no notice of the appeal was given to said defendants in error, as required by law."

The motion to dismiss must be sustained. The order attempted to be appealed from, and to which the assignments of error relate, was an order approving sheriff's sale of real estate under execution and foreclosure sale, which said order was entered on the 2d day of June, 1917. At this time section 5238, Rev. Laws Okla. 1910, as amended by Act of March 23, 1917 (section 1 c. 219, Session Laws 1917), was in force and effect.

It has been held by this court in the case of Cates v. Miles et al., 67 Okla. 192, 169 Pac 688, decided December 11, 1917, and said section, as amended, is mandatory, and that by the provisions thereof "the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court."

The record discloses that no such notice was given. It is contended, in the response to the motion to dismiss, that said notice was given orally at the conclusion of the hearing upon demurrer to motion to vacate order of sale, and plaintiffs in error attach certain affidavits to said response tending to show that said oral notice was in fact given. However, the record, as above stated, fails to show any such notice, and, if the record was incomplete and did not show all the proceedings below, some step should have been taken to complete it. We cannot go beyond the record for the purpose of considering these affidavits.

For the reason stated and upon the authority cited, the appeal is dismissed.

All the Justices concur.