## OKLAHOMA CONSOLIDATED PETROLEUM CO. v. SWOVELAND et al.

No. 10294—Opinion Filed Jan. 31, 1922.

(Syllabus.)

1. **Appeal and Error — Disposition of Cause—Failure to Brief—Withdrawal of Cross-Petition in Error.**

Where a cause was appealed to this court from the district court, plaintiff in error

filing petition in error but failing to file a brief in support of its assignments of error, and the defendants in error filing a cross-petition in error supported by briefs, but no answer brief by plaintiff in error, and the former opinion rendered by this court reversed and. remanded said cause for a new trial upon the contentions of the defendants in error raised by their cross-petition in error and brief in support thereof, and afterwards and while said cause was pending in this court the defendants in error filed a motion for permission to withdraw and dismiss cross-petition in error and asking this court to withdraw its former opinion and affirm the judgment of the trial court, and permission being granted and said cross-petition withdrawn and nothing being left but the petition in error of plaintiff in error unsupported by brief, rule 7 of this court applies, and this court may, in its discretion, reverse or affirm the judgment of the trial court.

2. **Appeal and Error — Affirmance — Judgment on Supersedeas Bond.**

Where judgment of the trial court is affirmed and a copy of supersedeas bond is included in case-made and application made to this court to enter judgment on supersedeas bond, this court has authority under provisions of section 5254, Revised Laws 1910, and as amended by chapter 249, Session Laws of 1915, and under rule 11 of this court, to enter such judgment."

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by V. W. Swoveland and another against the Oklahoma Consolidated Petroleum Company on drilling contract. Judgment for plaintiffs, and both parties bring error. Affirmed.

O'Meara, Bush & Moss, for plaintiff in error.

Lashley & Rambo, for defendants in error.

ELTING, J. A former opinion was rendered in this case and filed October 11, 1921. The situation in said appeal, and as set out in the former opinion of this court and existing at the time said former opinion was written, was as follows:

V. W. Swoveland and P. A. Hardman, operating as Swoveland & Hardman, had filed suit in the district court of Tulsa county, Okla., against the Oklahoma Consolidated Petroleum Company, a corporation. The defendant filed answer. Plaintiffs introduced their evidence, defendant demurred, demurrer was overruled, and defendant stood upon its demurrer. The jury returned a verdict in favor of plaintiffs below, defendants in error, in the sum of $1,600. Both plaintiffs and defendant filed motion for a new trial.

The same was overruled, and appeal taken by both parties to the Supreme Court.

Plaintiff in error filed petition in error and defendant in error filed cross-petition in error. Plaintiff in error filed no brief in support of its petition in error, but defendants in error filed a brief in support of their cross-petition in error asking this court to reverse the judgment of the trial court; asking for a greater, increased judgment, and asking this court to render such judgment, and asking this court to render judgment against the surety on a supersedeas bond for said increased judgment. This court in the former opinion refused to render an increased judgment or a judgment against the sureties for such increased amount, but did reverse and remand the cause for a new trial, for the reason that the plaintiff in error had failed to file a brief in support of its petition in error and had shown no reason for such failure to file, and for the reason that defendants in error had filed a brief in support of their cross-petition in error which seemed reasonably to sustain their assignments of error, and in said former opinion this court held that, since said cause was of purely legal cognizance and the parties thereto were entitled to a jury as a matter of right, this court did not have the authority to declare the law of the case or the power to direct or render judgment, there being no brief in answer to the brief of the defendants in error's brief in support of their cross-petition in error and no reason shown for failure to file same.

After the opinion of this court was filed, and within 15 days and on October 24, 1921, the defendants in error filed a written application for an order giving them 15 days' additional time in which to file a petition for rehearing, and an order for said extension of time was made on October 25, 1921, giving defendants in error 15 days from said date to file petition for rehearing and directing that the mandate reversing said cause for a new trial be stayed during said period of time. On November 7, 1921, defendants in error filed motion in said cause asking permission to withdraw their cross-petition in error, and asking this court to withdraw its former opinion reversing said cause for a new trial, and asking this court to affirm the judgment of the trial court in said cause in the sum of $1,600 and interest and costs, and that this court render judgment against the principal and surety on supersedeas bond.

This court, still having jurisdiction of said matter and the same being still pending, no mandate being issued to the court below, and being fully advised as to the said motion

doth grant permission for the withdrawal of the cross-petition in error, and the same is withdrawn, and the opinion of this court heretofore rendered is withdrawn, and the judgment of the trial court is affirmed.

The effect of the withdrawal of the cross-petition in error is to leave nothing but the petition in error of the plaintiff in error, and in support of which petition in error there is no brief filed and no reason given for failure to file the same; and under rule 7 of the Supreme Court (47 Okla. vi.) this court, in case of failure to comply with the requirements of this rule, may continue or dismiss the cause or reverse or affirm the judgment, in its discretion.

It is further asked that this court render judgment against the National Surety Company, surety upon the supersedeas bond, for the sum of $1,600 and interest at the rate of 6 per cent. per annum from April 25, 1918, and for costs under the provisions of section 5254, Rev. Laws 1910, as amended by chapter 249, Session Laws 1915, and under rule 11 of this court (47 Okla. vii), a copy of which supersedeas bond is attached to the motion and is embraced in the certified record in this appeal; it appearing, furthermore, that a copy of said motion had been served upon the attorneys for the plaintiff in error in this cause, and it appearing, furthermore, that a copy of said supersedeas bond was embraced in the case-made filed in this case.

It is, therefore, ordered and adjudged by this court that V. W. Swoveland and P. A. Hardman, operating as Swoveland & Hardman, defendants in error, have and recover from the Oklahoma Consolidated Petroleum Company, plaintiff in error and the principal on said supersedeas bond, and the National Surety company, surety on said supersedeas bond, the sum of $1,600, with interest at the rate of 6 per cent. from the 25th day of April, 1918, and all the costs of this action, and for which let execution issue.

All the Justices concurring herein, except HARRISON, C. J., not participating.