## WALKER v. BAHNSEN.

No. 14530—Opinion Filed Oct. 30, 1923.

Rehearing Denied Nov. 20, 1923.

(Syllabus.)

**Appeal and Error -- Mandate—Conformity in Lower Court—Finality.**

Where an opinion is rendered upon questions of law presented to this court in a case, and mandate issues accordingly to the lower court, then upon motion for judgment upon the mandate and opinion of this court, the trial court has no further authority in the premises than merely to render judgment and proceed in conformity with the opinion and mandate of this court, and where such is done, the judgment of the trial court will not be disturbed.

Error from District Court, Okmulgee County; John L. Norman, Judge.

Upon mandate and opinion of Supreme Court, judgment rendered for John E. Bahnsen, and E. H. Walker brings error. Affirmed.

Eck E. Brook and Brook & Brook, for plaintiff in error.

Charles R. Freeman, for defendant in error.

HARRISON, J. This was a motion to the court below of plaintiff in error for judgment on the mandate and opinion of this court rendered in case No. 10860, April 10, 1923, hence the second time the same parties have been before this court in controversies growing out of the same original transaction. In the former case, No. 10860, the parties were in reverse position in this court, John E. Bahnsen being plaintiff in error, and E. H. Walker, defendant in error. Walker, plaintiff in error in the instant case, had recovered a judgment in the trial court in the former case, and Bahnsen appealed, and in the opinion rendered on the date above stated and written by Mr. Justice Kane, the judgment which Walker had obtained in the court below was reversed. The controversy, as stated by Mr. Justice Kane in the former opinion, was as follows:

"This was a suit in equity to enforce the specific performance of an oral contract pertaining to real estate, commenced by the defendant in error, plaintiff below."

In other words, begun by Walker in the court below and judgment obtained, and Bahnsen, defendant in the court below, appealed, and Mr. Justice Kane reversed the judgment obtained by Walker and mandate issued accordingly in due course of time.

In the former suit the controversy grew out of oral agreement alleged by Walker to have been entered into between him and Bahnsen, whereby Bahnsen agreed that if he, Walker, would assist Bahnsen in procuring a deed to a certain tract of land, Bahnsen, as remuneration therefor, would convey 20 acres of the land to be acquired to Walker. Bahnsen denied entering into any such agreement, that is, as to time with relation to procurement of deeds which Walker had alleged, but alleged in his answer in the former suit that the deeds procured were from parties whose deeds it was necessary to procure approval of in the probate court, and Bahnsen alleged that Walker represented to him that he could control certain of the parties which Bahnsen could not control, that but for his influence the parties would refuse to ask the probate court to approve the deeds; that upon such representation Bahnsen agreed with Walker that he would pay him $200, but alleged that he afterwards found out that the representations by and through which Walker obtained this agreement from him were wholly false, and known to be false at the time by Walker,

hence Bahnsen denies that he was indebted to Walker for anything. Thereupon Walker brought suit in the court below for specific performance of the contract, and the trial court sustained Walker's contention and decreed specific performance; the decree requiring Bahnsen to deed to Walker the 20 acres in question. Bahnsen appealed from such judgment to this court on the ground: First. That there was no such contract as sued for ever entered into between them. Second. That if such contract had been entered into, it was within the statute of frauds and nonenforceable.

This court considered the case and rendered an opinion in which Mr. Justice Kane dealt with and decided no other question except the question whether or not the alleged contract was within the statute of frauds, and held in the opinion that the statute of frauds was applicable in the case and reversed the judgment of the lower court, following. Edwards v. Estell, 48 Ga. 194; Burden v. Sheridan, 36 Iowa, 125. The opinion is published in 89 Okla. 143, 214 Pac. 732. The opinion is printed in full both in brief of plaintiff in error, Walker, and in the record; likewise the mandate of this court is printed in full in both.

When the mandate went to the court below, Walker filed a motion for judgment in his favor on the mandate and opinion of this court, and the trial court, after hearing said motion, declined to render judgment in Walker's favor and overruled his motion and ordered the mandate and opinion of this court spread of record. Whereupon Bahnsen moved the court for judgment in the original pleadings filed therein in pursuance of the judgment and mandate of this court. The court sustained the motion and rendered judgment in his favor and in pursuance of the judgment and mandate of this court, and Walker appeals to this court upon the following assignments of error:

"1. Said court erred in not sustaining motion filed by plaintiff in error, E. H. Walker, whereby plaintiff in error sought to have his cause of action properly heard and presented, in obedience to the mandate and pleadings and opinion of the Supreme Court."

"2. Said court erred in sustaining the motion filed by the defendant in error, John E. Bahnsen, asking for judgment on pleadings."

"3. Said court erred in dismissing the cause of action of plaintiff in error and rendering judgment in favor of defendant in error, John E. Bahnsen."

We can see no merit in plaintiff in error's contentions in either assignment of error, nor in all of them taken together. The trial court was authorized to do no more than to take such steps as were in conformity with the opinion and mandate of this court, and in recognition of such fact proceeded in conformity with the opinion and mandate of this court. The questions of law decided in the former opinion appear in the syllabus and are as follows:

"1. An oral contract made between B. and W. by which the latter agreed to use his influence to induce a third person to convey a tract of land to B., in consideration of which B. agreed to reconvey 20 acres of said tract to W., is not specifically enforceable in a suit in equity by W. upon the theory that the transaction was a joint adventure and the contract created a trust relation between B. and W."

"2. There are two propositions upon which the cases are very fully agreed: First, that the payment of the purchase money will not be regarded as part performance; and, second, that the acts of part performance must be such that it would be fraud upon him for the other party to refuse performance on his part."

"3. The term purchase money, as employed in the proposition above stated, comprehends the consideration, whether it be money or property, or services, for which the lands are to be conveyed, and it is not limited to money alone."

"4. Record examined, and held, that the services performed by W. are not such part performance of the contract as to avoid the statute of frauds and enable the court to decree a specific performance."

Hence, it follows that the trial court properly overruled Walker's motion for judgment in his favor, and in conformity with the opinion of this court rendered judgment in favor of defendant in error, Bahnsen; therefore the judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, COCHRAN. BRANSON, and MASON, JJ., concur.