## NICHOLS v. LONSDALE.

No. 14736—Opinion Filed March 24, 1925.

**Appeal and Error—Notice of Appeal—Statutory Requisites.**

Section 782, Comp. St. 1921, is mandatory, and, among other things provides that "the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intention to appeal to the Supreme Court." and an attempted appeal not in conformity with the provisions of the statute will be dismissed.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Eugene F. Lonsdale against Nellie C. Nichols. From judgment in favor of plaintiff, defendant brings error. Dismissed.

Warren & Schaeffer, for plaintiff in error.

O'Meara & Silverman, for defendant in error.

Opinion by PINKHAM, C. This action was instituted by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, for the recovery of real estate.

The case was tried to the court without the intervention of the jury, by consent of parties, and resulted in a judgment for the plaintiff. Defendant has appealed, and assigns as error: First, that the trial court erred in its findings of fact and conclusions of law that the lots conveyed to plaintiff in error by her grantors were only 140 feet in depth; second, the trial court erred in its findings of fact and conclusions of law that the Arkansas statute of limitation did not apply and that plaintiff in error did not have title paramount to the premises in controversy to that of defendant in error; third, the trial court erred in its findings of fact and conclusions of law and its judgment rendered thereon because wholly unsupported by the evidence insofar as they were adverse to plaintiff in error.

An examination of the record discloses that the motion for a new trial was passed on and overruled on April 6. 1923, and the record fails to show that the defendant excepted to the ruling of the court, and also fails to show any notice of appeal, at the time of the rendition of the judgment, or within ten days thereafter.

In a number of decisions of this court it has been held that section 5238, Rev. Laws 1910, as amended by Act of March 23, 1917 (sec. 782, Comp. St. 1921), is mandatory, and that in order to confer jurisdiction on this court of an appeal from a judgment rendered since the passage of the Act of March 23, 1917, the party desiring to appeal must give notice in open court either

at the time judgment is rendered or within ten days thereafter of his intent to appeal to the Supreme Court, Atkins v. Lynholm, 87 Okla. 123, 209 Pac. 319; Miller v. Brownfield, 73 Okla. 156, 175 Pac. 211; Holbert v. Patrick, 72 Okla. 25, 177 Pac. 566; Crawford v. Shintaffer, 92 Okla. 22, 217 Pac. 867.

It is contended by counsel for the defendant that even if the record in this case fails to disclose that no notice of appeal as required by statute has been given and conceding the law in regard thereto, it is still insisted that after counsel had entered a voluntary appearance in this court by filing their brief defendant in error thereby waives any and all right it had to insist upon a compliance with the statute in regard to notice of appeal; that defendant in error submitted himself fully to the jurisdiction of this court for all purposes of this cause and is now estopped from urging this question.

The statute with respect to giving notice of appeal is mandatory and in the absence of such notice confers no jurisdiction on this court, and it cannot be said, we think, that the parties can agree to confer such jurisdiction, or that this court can waive the notice required to be given by the statute.

This court acquires no jurisdiction of an appeal except in accordance with the statute.

In Holbert et al. v. Patrick, supra, this court said:

"Section 5238, Rev. Laws 1910, as amended by order of March 23, 1917, is mandatory and, among other things, provides that 'the party desiring to appeal shall give notice in open court either at the time the judgment is rendered, or within ten days thereafter, of his intent to appeal to the Supreme Court.' Said act being passed with an emergency clause attached became effective from the date of its passage and approval and an attempted appeal taken after said date not in conformity with its provisions will be dismissed."

Under the state of the record before us, we think the appeal should be dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. pp. 1223, 1238.