## RANDOL v. HARBOUR-LONGMIRE CO.

No. 18665.   Opinion Filed Sept. 20, 1927.

(Syllabus.)

1. **Appeal and Error—Proceedings Below After Remand—Lower Court Without Jurisdiction to Render Judgment Contrary to Directions in Mandate.**

When on a former appeal this court had before it all issues in controversy and entered its judgment upon the same and issued its mandate to the district court with directions to the district court to enforce such mandate, the district court was then without authority to review the record, opinion, and judgment of this court and render a judgment contrary to the directions stated in the mandate.

2. **Appeal and Error—Frivolous Appeals—Dismissal.**

Where, upon an examination of the record, petition in error, and the motion to dismiss, it appears that the appeal is manifestly frivolous and without merit, the appeal will be dismissed.

3. **Appeal and Error—Lack of Record of Evidence Necessary for Review—Dismissal.**

Where it affirmatively appears that the evidence introduced at the trial of the case is not included in the case-made, and if the determination thereof requires the consideration of the evidence, there is nothing before this court for review, and the appeal will be dismissed.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by the Harbour-Longmire Company against R. W. Randol et al. Judgment for defendant reversed by Supreme Court, and cause remanded with directions. From an action of the trial court striking from the files the amended answer and cross-petition of defendant Randal, he appeals. Dismissed.

Brown, Brown & Williams, for plaintiff in error.

McLaury & Hopps, for defendant in error.

PER CURIAM. The plaintiff in error was defendant in the trial court and the defendant in error was plaintiff. The parties will be referred to herein as they appear in the trial court.

On the 24th day of November, 1924, the plaintiff, Harbour-Longmire Company, commenced an action against E. D. Reid et al. and R. W. Randol in the district court of Carter county. The plaintiff sought to foreclose a chattel mortgage in which plaintiff alleged the defendant Randol claimed some interest therein subject to the right of the plaintiff. The defendant Randol filed his answer and cross-petition, in which he denies plaintiff's superior right, claimed a prior lien to said property, and an unlawful conversion thereof by the plaintiff, and sought actual and punitive damages.

Upon the issues joined the cause was tried to the court and judgment rendered for defendant Randol for actual damages, attorney fees and costs, from which judgment plaintiff appealed to this court, and which appeal was docketed in this court as No. 16864. The cause was heard and determined by this court, the evidence brought up in the record reviewed; the judgment of the trial court reversed; the cause remanded, with directions to the trial court to dismiss the claim and cross-petition of the defendant Randol, at his cost. (Harbour-Longmire Co. v. Reid, 124 Okla. 77, 254 Pac. 29.)

Defendant Randol filed in this court his petition for rehearing, which was subsequently overruled, and he thereafter filed his application to file second petition for rehearing, which was denied. This court caused its mandate to issue, which was filed in the trial court March 10, 1927, and which mandate is in part as follows:

"Whereas, the Supreme Court of the state of Oklahoma, did on the 5th day of October, 1926, render an opinion in the above entitled cause, appealed from the district court of Carter county, reversing the judgment and remanding the cause with directions to dismiss the claim and cross-petition of the defendant Randol, at his cost.

"Now, therefore, you are hereby commanded to cause such reversal to show of record in your court and to issue such process, and to take such other and further action as may be in accord with right and justice and said opinion."

On March 21, 1927, the defendant Randol, by leave of the trial court, filed an amended answer and cross-petition in which he seeks to have the trial court again review the evidence, reverse the judgment of the Supreme Court, and render a money judgment for the defendant Randol, and against the plaintiff for the same amount as the original judgment. Upon motion of the plaintiff the trial court struck the answer and cross-petition from the files of the case, and from this order the defendant appeals to this court.

From an examination of the record in this case, which contains the pleadings of the plaintiff and defendant in the former ap-

peal, it appears that the question before the court was to determine the priority of the respective liens of the plaintiff and defendant on the property described in the judgment of the trial court, the items of which are identical in number and description with that described in plaintiff's amended petition and upon which plaintiff retains a lien for the purchase price thereof, and in which defendant Randol could acquire no greater interest than that acquired by his codefendants, from whom he claims his interest is derived, as expressed in the opinion of this court. The issues attempted to be raised by the amended answer and cross-petition were before this court in the former appeal. The amended answer and cross-petition shows that appeal has heretofore been had in said cause in the Supreme Court of this state, and that an opinion has been rendered therein, mandate issued and filed in the trial court; the answer and cross-petition further alleges that the matter and things complained of therein were brought to the attention of this court in a petition for rehearing filed by the defendant Randol, and were subsequently called to the attention of this court in an application for leave to file second petition for rehearing, and in an oral argument therein presented to this court, participated in by the plaintiff and defendant, and by the opinion filed in this cause such issue was adjudicated against the defendant Randol.

After an examination of the evidence taken in the district court, this court found that the judgment rendered in the district court was clearly against the weight of the evidence and against the law, and reversed said cause, with instructions to dismiss the claim and cross-petition of the defendant Randol, and the mandate further instructed the district court to cause said reversal to show on the record of the trial court and to take such other and further action as may be in accord with right and justice and said opinion.

The trial court had no authority to review the record, opinion, and judgment of this court, and had no discretion as to the character of its orders other than that which was contained in the mandate of this court. The judgment of this court, speaking through its mandate, must be substituted for the former judgment of the district court and each and every issue presented by the former appeal has become completely adjudicated, and had the trial court refused to strike said answer and cross-petition from the files, it would have been error  The mandate has been filed in the

district court of Carter county and its force and effect cannot be disturbed, changed, or altered upon any procedure upon the part of anyone. It has fully become the law of this case. In Armstrong v. White, 122 Okla. 78, 251 Pac. 46, this court held:

"Where on a former appeal this court had before it all the issues in controversy and entered its judgment upon the same and issued its mandate to the district court with directions to the district court to enforce such mandate, the district court was then without authority to grant a new trial contrary to the directions stated in the mandate."

In the case of St. Louis-San Francisco Ry. Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38, this court held:

"All questions open to dispute, and either expressly or by necessary implication decided on appeal to this court, will not be open for review on the second appeal, but such decision becomes the settled law of the case as to all such questions, and is not subject to re-examination."

The filing of an amended answer and cross-petition in the trial court after the mandate had been received, requesting the trial court to review the findings and judgment of the Supreme Court, was useless, and could serve no other purpose than to give vent to an enraged feeling engendered by defeat, and the action of the trial court in striking such amended answer and cross-petition from the files was proper and the appeal therefrom is manifestly frivolous. Howe v. Tarloshaw et al., 108 Okla. 182, 235 Pac. 594.

If this court should attempt to review the action of the trial court from which this appeal is attempted to be taken, it could not do so for the reason that to determine the question attempted to be raised by said answer and cross-petition it would be necessary to review the evidence introduced in the trial of this cause and which evidence is not incorporated in the case-made filed in the instant case.

"Where it affirmatively appears that all the evidence upon any question introduced at the trial is not included in the case-made, and a determination thereof requires a consideration of the evidence, the Supreme Court will not review such question." City of Lawton v. Hills, 53 Okla. 243, 156 Pac. 297.

It appearing that all matters and things in controversy herein have heretofore been adjudicated by this court, it is ordered that this appeal be, and the same is hereby, dismissed.

Note.—See under (1) 4 C. J. pp. 1221, 1222, §3271; 2 R. C. L. 289. (2) 4 C. J. p. 574 §2382. (3) 4 C. J. p. 336, §1966. p. 532, §2324; p. 570, §2380.