**BLACK v. RUSSELL, Sheriff, et al.**

No. 17479. Opinion Filed Dec. 20, 1927.

Rehearing Denied April 17, 1928.

(Syllabus.)

**Appeal and Error—Finality of Appellate Judgment on Supersedeas Bond—Injunction Against Second Judgment of Trial Court for Additional Amount.**

Where the appellate court renders judgment against surety on a supersedeas bond, pursuant to section 797, C. O. S. 1921, it is a final judgment, and upon remand the trial court is without judicial power to render a second judgment thereon against the surety in addition to the amount of the appellate judgment. And in such case, where such additional judgment is rendered, the same is void, and proceedings in enforcement thereof will be enjoined by a court of equity.

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; Charles C. Smith, Assigned Judge.

Injunction by E. R. Black against John Russell, Sheriff of Okmulgee County, Afton Hervey, Undersheriff of Okmulgee County, P. C. Smith, and W. A. Seidler. From an order of the court vacating the order of injunction, and granting defendants a new trial, plaintiff appeals. Reversed and remanded, with directions.

Ross & Thurman and R. A. Hockensmith, for plaintiff in error.

A. L. Emery, for defendants in error.

TEEHEE, C. The parties appear here as they appeared in the trial court. Plaintiff sought to enjoin the defendant from enforcing a judgment alleged to be void. The cause arose out of another action to which reference is necessary. In that case two of the defendants here, Smith and Seidler, recovered a money judgment of $8,005, with $800 as attorneys' fee and $46.50 as costs, against Holiday Oil Company and Black Petroleum Company. The cause was appealed to this court, and the judgment superseded, with the plaintiff here and another as sureties. The judgment on appeal was affirmed except as to the item of attorneys' fee, which was reversed, and on the motion of the plaintiffs, the appellate court rendered judgment on the supersedeas bond against the plaintiff here. The case is reported as Holiday Oil Co. v. Smith, 100 Okla. 172, 228 Pac. 775. Disposition of the case by the appellate court was as follows:

"Appellees, in their brief, also ask that judgment be rendered by this court on the supersedeas bond, wherefore, we recommend that the judgment of the trial court be affirmed in every particular except as to the attorneys' fee for $800, in which particular the judgment is reversed, and we hereby render judgment against the principals and Harvey Heller and E. R. Black, sureties on the supersedeas bond, as it appears in the record, for the sum of $8,005, with interest from date of judgment in the lower court at 6 per cent. per annum, and for the further sum of $46.50 cost."

The mandate in the cause recited the judgment thus rendered, and directed the trial court as follows:

"Now, therefore, you are hereby commanded to cause such affirmance to show of record in your court, and to issue such process, and to take such other and further action as may be in accord with right and justice and said opinion."

Upon filing of the mandate in the trial court the plaintiffs moved:

"That the court fix and tax as a part of the costs of this action a reasonable attorneys' fee for the plaintiffs and their attorneys of record as provided by law. Evidence will be offered by the plaintiffs."

Notice of this motion was served on the attorney of record for the defendants in that cause. Upon hearing, judgment pursuant to the mandate and for $1,300 additional as attorneys' fee was rendered against the defendants, and against the plaintiff here, with such additional sum taxed as a part of the costs in the original action. No notice to nor appearance by the plaintiff here was made in that case unless notice to and appearance by the attorney of record for the oil companies had that effect, otherwise, plaintiff did not know of the additional judgment rendered against him at the time of rendition. Notice of appeal was given by the attorney of record, but not perfected. The judgment creditors thereupon advised with plaintiff as to payment of the judgment by reason of his suretyship, and likewise relative to a levy on certain property of the Black Petroleum Company, charged with a specific lien under the original judgment. whereupon plaintiff here suggested that the judgment creditors forego the levy, and that they request the indemnitor of plaintiff to pay the judgment. When the matter was taken up with the indemnitor, the item for attorneys' fee was challenged as illegal, and the judgment creditors notified that such additional judgment would be contested, but agreed to pay the judgment as rendered by the appellate court. Thereupon, settlement was accordingly made,

and then followed a levy upon certain property of plaintiff here with proceedings to dispose thereof in satisfaction of the item of attorneys' fee, whereupon this action in restraint of the sale proceedings was brought.

Upon filing of the petition for injunctive process a temporary order was granted and issued. At the final hearing, the status of original case and proceedings, subsequent to the filing of the mandate, were established substantially as above recited. The temporary order was made permanent. Defendants filed a motion for a new trial on the grounds that the judgment in injunction was not sustained by the evidence, and as being contrary to law. The motion was sustained, the judgment in injunction vacated, and a new trial granted, whereupon plaintiff brought the cause here for review.

That the trial court erred in vacating the injunction and granting defendants a new trial is urged under four propositions, to wit:

"(1) Injunction is the proper remedy to prevent the sheriff and under-sheriff from making a sale of the plaintiff's property under a void judgment and execution.

"(2) The judgment on which the execution was issued was void and its enforcement was properly enjoined, because E. R. Black was not a party plaintiff nor defendant; because no pleading nor motion was filed alleging any liability on his part; because neither did he nor any one in his behalf appear in said cause; and because no notice nor other process was issued for or served upon him.

"(3) The district court was without jurisdiction to render summary judgment on the supersedeas bond.

"(4) The defendants, Smith & Seidler, were not entitled to any affirmative relief on their cross-petition."

This appeal is properly determinable by our disposal of the third proposition, as the others, it may be observed, arise thereout.

The theory of the case is that the judgment against plaintiff, execution of which is sought to be enjoined, was rendered against him as surety on the supersedeas bond, which as a cause of action was merged in the appellate judgment in the original action. In this it is principally contended that the court was without authority of law to render the additional judgment.

In this state summary judgment against a surety on a supersedeas bond is controlled by statute. The conditions of the bond are fixed by section 794, C. O. S. 1921, which obligates the appellant and his sureties, where the appeal is from a money judgment, as here, that the appellant "will pay the condemnation money and costs, in case the judgment or final order shall be affirmed, in whole or in part." By section 797, Id., it is in part provided that:

"In the event that the judgment of the court to which such appeal is taken is against the appellant, judgment shall, at the same time it is entered against the appellant, be entered against the sureties on his said undertaking to stay execution, and execution shall issue thereon against said sureties, the same as against their principal, the appellant, and no stay of such execution shall be permitted."

Under this provision it has been repeatedly held by this court that, upon motion of the appellee, the appellate court should and will render judgment on the supersedeas bond against the sureties for the amount of the judgment affirmed. St. Louis & S. F. Ry. Co. v. Donahoo, 82 Okla. 44, 198 Pac. 81; Oklahoma Consolidated Petroleum Co. v. Swoveland, 85 Okla. 20, 204 Pac. 282; Osage Oil & Refining Co. v. Dickason-Goodman Lumber Co., 108 Okla. 14, 231 Pac. 477.

In the cause at bar it appears that, in conformity to the statute, upon the motion of plaintiffs in the original action, Smith and Seidler, the principal defendants here, the appellate court rendered judgment against the plaintiff as such surety in a fixed and definite sum, this being in the amount of the judgment affirmed. Plaintiff's liability on his obligation thus became fixed at the election of the defendants. This operated as a merger of whatever cause of action defendants may have had upon the bond into the judgment thus rendered, and carried with it the principle of res judicata.

In Olson v. Dahl, 99 Minn. 433, 109 N. W. 1001, 116 A. S. R. 435, 9 Ann. Cas. 252, 8 L. R. A. (N. S.) 444, the court, in addressing itself to this principle of the law, and citing a number of cases, said:

"It is elementary that a cause of action is merged in the judgment, and upon the entry of the judgment, the same becomes changed in form and its original character wholly extinguished. The rule is stated in United States v. Leffler, 11 Pet. (U. S.) 86, 9 L. Ed. 642, as follows: 'If there be any one principle of the law settled beyond all question, it is this: That whenever a cause of action in the language of the law, transit in rem judicatam (becomes a matter adjudged) and the judgment remains in

full force and unreversed, the original cause of action is merged and gone forever.' Such is the rule of all the courts, so far as our examination of the authorities has extended. The original cause of action loses its identity and character, and is changed and transformed into another cause of action, a judgment, and it can no longer be made the basis of another action." See, also, Cressler v. Brown, 79 Okla. 170, 192 Pac. 417; Smith v. Vanderhorst, 1 McCord (S. C.) 328, 10 Am. Dec. 674.

It appears from the record, also, that the principal defendants received the full benefit of the appellate judgment on the bond, so that it cannot be said that they were proceeding in the execution thereof. Defendants in effect contend, however, that under the mandate in the original cause their right to move for an order to tax as costs an attorneys' fee under section 7482, C. O. S. 1921, was not foreclosed, and thereunder plaintiff's liability was continued notwithstanding the judgment by the appellate court. This is tantamount to the proposition that a judgment by the appellate court on a supersedeas bond is without finality, and assumes the power of the district court to render a further additional judgment in such case as in the appellate court.

It is well settled that the mandate of the appellate court is the measure of authority of the trial court in the particular cause. In McNaughton v. Lewis, 126 Okla. 21, 258 Pac. 266, this court, in addressing itself to the finality of a judgment rendered by the appellate court, quoted approvingly from Mountain Home Lumber Co. v. Swartwout, 33 Idaho, 737, 197 Pac. 1027, this language:

"'Where the mandate of an appellate court directs a specific judgment to be entered, the tribunal to which such mandate is directed must yield obedience thereto. No modification of the judgment so directed can be made by the trial court, nor can any provision be ingrafted on or taken from it. The reason for this rule is obvious. When a particular judgment is directed by an appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interest requires that there shall be. an end to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions the court to which such mandate is directed has no power to do anything but to obey; otherwise litigation would never be ended, and the reviewing tribunal would be shorn of that authority over inferior tribunals with which it is invested by fundamental law.' "

In the cause out of which this action arose, the mandate is explicit. It directed the trial court to enter on its record the judgment rendered by the appellate court, "and to issue such process and to take such other and further action as may be in accord with right and justice and said opinion," in the execution thereof. No process was necessary, as the judgment as rendered by the appellate court was paid, hence no further action was required. The proceedings had, resulting in a second judgment of $1,300 against plaintiff as surety on the same bond on which the appellate judgment was rendered, were therefore in excess of authority of law, and for that reason without force or effect, and thus renderd attempted enforcement of such judgment subject to injunctive process.

If this be not true, then, indeed, there would be no end to litigation in such cases, as judgments of the appellate court therein would be without that finality and binding force upon the parties thereto as in other cases of rendition. We conclude therefore, that where the appellate court renders judgment against a surety on a supersedeas bond pursuant to section 797, supra, it is a final judgment, and upon remand the trial court is without judicial power to render a second judgment thereon against the surety in addition to the amount of the appellate judgment. And in such case, where such additional judgment is rendered, the same is void, and proceedings in enforcement thereof will be enjoined by a court of equity.

Accordingly, the judgment of the trial court is reversed, and the cause remanded, with directions to overrule the motion for a new trial, and reinstate the judgment vacated.

BENNETT, REID, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 1306, §3436, p. 1309, §3443 (Anno.); 34 C. J. p. 434, §682; p. 446, §699.