On March 5, 1928, C. Graves Shull, Bank Commissioner of the state of Oklahoma, filed his petition before the board of county commissioners of Logan county, Okla., for the correction of errors and erroneous assessment for taxation, for the years 1922 to 1927, each inclusive, on real estate in said county.
On March 19, 1928, the same being a regular day of the March session of the board of county commissioners of Logan county, state of Oklahoma, the petition came on for hearing before the board of county commissioners, and evidence was offered by the petitioner in support of said petition, and the board of county commissioners, after hearing argument of counsel, ordered that the further hearing be continued until March 26, 1928, at which time the board of county commissioners found that the Bank Commissioner of the state of Oklahoma acquired the property in question in July, 1922, by reason of a sheriff's deed in the foreclosure proceedings in the district court of Logan county, state of Oklahoma, and has since been in possession and in charge of said property, and that the Bank Commissioner, through Charles S. Olson, liquidating agent, paid taxes on said property for the year 1921, said tax being paid on October 30, 1922, and that thereafter the Bank Commissioner of the state of Oklahoma did not list the property for assessment for taxes as required by law, for the reason that the state of Oklahoma at that time was claiming that the property in the hands of the Bank Commissioner of the state of Oklahoma was not subject to taxation, being a part of the state guaranty fund, and that the county assessor of Logan county, as required by law, continued to place said property on the tax rolls of the county for taxing purposes for the years 1922 to 1927, each inclusive, at the same valuation of $60,020, and that the Bank Commissioner of the state of Oklahoma contracted to sell said property in January, 1926, to the Logan County Mill Grain Company, for $15,000, which contract was approved by the district dourt of Logan county, Okla., as required by law; and that the board further finds that the assessment, as so spread of record by the county assessor as shown in these findings, was an excessive valuation for taxing purposes for a portion of said period, because of deterioration of said property through nonuse and misuse of the plant.
The board of commissioners concludes, as a matter of law, that said board of county commissioners does not have jurisdiction to grant the prayer of the petitioner to correct the assessment already spread of record, as aforesaid, nor to reassess said property, nor to issue a certificate of error thereon.
The board, having made the above finding of facts and conclusions of law, ordered the same be approved and adopted, and that the prayer of the petitioner be denied, which proceedings were entered upon the records of the board of county commissioners.
From this order of the board of county commissioners, the petitioner, C. Graves Shull, Bank Commissioner of the state of Oklahoma, gave notice of his intention to appeal and served notice of appeal as required by law and gave his appeal bond as required by law and lodged his appeal in the district court of Logan county, state of Oklahoma.
On March 30, 1928, the matter came on for hearing and trial pursuant to regular assignment in the district court. The petitioner and appellant appeared by his attorneys, and the board of county commissioners appeared by the county attorney of Logan county, Okla., and the district court of Logan county, Okla., after hearing said appeal presented and the argument of counsel, entered an order reversing, vacating, and setting aside the order of the board of county commissioners of Logan county, made on March 28, 1928, and further ordered that the cause be remanded to the board of county commissioners with directions; that said board of county commissioners has jurisdiction to hear the same, and with directions to proceed as speedily as possible in the hearing and examination of the application of said state of Oklahoma, on the relation of C. Graves Shull, Bank Commissioner, for correction of errors in the assessment of the property referred to in the petition, and to issue a certificate of error correcting the assessment of said property upon a fair equalized basis with other property assessed for ad valorem taxes in Logan county for said years.
No exception was saved to this finding and judgment of the district court of Logan county, Okla., and no notice of appeal was given in open court or otherwise.
On August 25, 1928, a petition in error with certified transcript of the record in *Page 293 
the district court of Logan county, state of Oklahoma, was filed in this court.
A motion has been filed to dismiss the appeal upon the ground and for the reason that no notice of appeal was given in open court at the time the judgment was rendered or within ten days thereafter, and that for said reason this court has no jurisdiction of said appeal.
Counsel for the appellant admit that no notice of intention to appeal from the judgment of the district court of Logan county, Okla., to the. Supreme Court of the state of Oklahoma was ever given, but contend that this court has jurisdiction of the appeal for the reason that the board of county commissioners of Logan county, state of Oklahoma, never had jurisdiction to correct the erroneous assessment, and that the district court of Logan county, Okla., never acquired any jurisdiction of the cause on appeal from the board of county commissioners, and that all proceedings in the district court of Logan county were void.
We cannot agree with the contention of the appellant. This court in Holbert v. Patrick, 72 Okla. 25, 177 P. 566, held that:
"Section 5238, Rev. Laws of 1910, as amended by Act of March 23, 1917 (Laws of 1917, c. 219), is mandatory and, among other things, provides that 'the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered or within 10 days thereafter, of his intention to appeal to the Supreme Court.' Said act, being passed with an emergency clause attached, became effective from the date of its passage and approval, and an attempted appeal taken after said date, not in conformity to its provisions, will be dismissed."
In the case of Nichols v. Lonsdale, 109 Okla. 59,234 P. 753, this court later held that:
"Section 782, C. O. S. 1921, is mandatory and, among other things, provides that 'the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered or within 10 days thereafter, of his intention to appeal to the Supreme Court,' and an attempted appeal not in conformity with the provisions of the statute will be dismissed."
We, therefore, hold that the motion to dismiss the appeal for the reason that no notice to appeal from the judgment of the district court of Logan county, state of Oklahoma, was ever given as required by law, must be sustained and said cause dismissed, and it is so ordered.
LESTER, V. C. J., and HUNT, CLARK, RILEY, CULLISON, and ANDREWS, JJ., concur. MASON, C. J., and HEFNER, J., absent.
Note. — See "Appeal and Error," 3 C. J. § 1341, p. 1238, n. 53.