**CARLOCK et al. v. CHAPMAN.**
**SAME v. WALDEN, District Judge, et al.**

Nos. 22181, 21762. March 21, 1933.

Rehearing Denied Sept. 12, 1933.

Sigler & Jackson and H. E. Ledbetter, for plaintiffs in error and petitioners.

Earl A. Brown and Asa E. Walden, for defendant in error and respondents.

McNEILL, J. This is a second appeal to this court. The original case is reported in 104 Okla. 152, 230 P. 516 [Chapman v. Carlock]. The parties will be referred to as they appeared in the trial court. The above styled suits were consolidated by order of this court. In the first suit plaintiffs seek to recover rentals under an oil and gas lease, which they sought to cancel, and the second is an application for a writ of mandamus to compel the district court of Carter county to enter judgment for said rentals under the mandate of this court.

Plaintiffs' original action was for the cancellation of a departmental oil and gas lease on the allotment of a full-blood Choctaw Indian for failure to pay the first rental due thereunder within one year from the date of the approval of said lease, October 3, 1917. No other relief was sought.

The defendant, Fred A. Chapman, alleged in his answer that he did not know that the allottee had died or that the land had been transferred to plaintiffs; that he sent a draft on the Exchange National Bank of Tulsa in the amount of $256.38, for royalties and rentals due under said lease to the Department of the Interior at Muskogee, which was received by said Department on September 27, 1917, and for which he received a receipt showing the payment of said rentals to said Department; that said rentals and royalties were kept by said Department until November 19, 1917; that he received a letter from the Indian Agency at Muskogee dated November 19, 1917, informing him that the land in question had been unrestricted since March 3, 1917; that the heirs of the deceased allottee had sold said allotment to H. C. Ledbetter of Ardmore, Okla.; that the supervision of the Department had been relinquished on November 1, 1917; that he had at all times in good faith endeavored to comply with the conditions of the lease in making said rental payments; and that said defendant did not know until November, 1917, that said rentals and royalties had not been properly paid until the receipt of said letter of the Department of the Interior dated November 19, 1917; that the lessor in said lease nor the plaintiffs never served said defendant with any notice nor called his attention to the fact that said rentals had not been paid, or that said plaintiffs had purchased the land from the heirs of the original lessor, although they knew the lessor was dead long before said rentals and royalties were due; that instead of notifying defendant, the Department had been notified the next day after said land had been purchased not to accept said rentals; that said defendant in good faith did tender the rentals and royalties to the lessor in said lease in addition to the payment made to the Department of the Interior; that it was his intention at all times to pay the said rentals and royalties in strict accordance with the terms of said lease, and tendered not only the rentals and royalties due, but all rentals and royalties that may become due under said lease until final judgment is rendered.

The trial court canceled said lease, and on appeal to this court the judgment was reversed on the theory that plaintiffs were not entitled to a forfeiture of said lease by reason of their failure to notify the lessee, defendant herein, of the terms of the lease that had been violated, and holding that where no 30 days notice had been given as provided by the lease, no cancellation or forfeiture could be had.

After the mandate was filed in the lower court plaintiffs filed a motion for judgment:

"asking that the mandate be spread of record, and that this court enter its judgment in accordance with the said mandate, in this, that judgment be entered establishing the validity of the oil and gas lease which was attempted to be canceled by these plaintiffs, and for judgment in favor of these plaintiffs for the rents and royalties due under said lease * * *"

—totaling the sum of $3,410. The trial court held it had no jurisdiction to render a judgment for rentals under such mandate. Thereafter plaintiff filed an action in this court for a writ of mandamus requiring said trial court to render judgment for said sum of $3,410, which matter being aforesaid cause No. 21762, has been consolidated in this court with No. 22181, supra.

Thereafter plaintiffs duly lodged their appeal from the judgment of the trial court in refusing to render said judgment for rentals to this court.

Plaintiffs advance the following contentions: That the court erred in overruling the plaintiffs' motion for judgment for rentals against said defendant, and in entering a judgment for defendant without requiring the defendant to pay the amount which he had tendered by his pleadings.

The Supreme Court in the concluding paragraph of its said opinion said:

"It is the judgment of this court, therefore, that the judgment of the lower court is reversed and the cause remanded with directions to enter judgment in favor of the plaintiff in error."

The mandate which followed read, in part, as follows:

"Reversed and cause remanded with instructions to enter a judgment in favor of the plaintiff in error. Now, therefore, you are hereby commanded to cause such reversal to show of record in your court and to issue such process and to take such other and further action as may be in accord with right and justice."

It appears that the opinion was delivered September 23, 1924, and rehearing denied November 18, 1924. On July 6, 1925, plaintiffs filed their said motion in reference to spreading the mandate of record. Thereafter, on April 12, 1930, an amended motion in reference to spreading said mandate of record was filed. The record shows that no issue was made on the question of the rentals due under said lease, nor was any reference made to these issues in the opinion of this court, or the mandate to the lower court. This court directed a specific judgment and the lower court in obedience to

the mandate of this court refused to grant plaintiffs judgment for the rentals due in the sum of $3,410 as contended for in said motion to spread said mandate of record. The trial court was not authorized to modify the judgment of this court by enlarging thereon or taking therefrom. After a mandate of this court is received by the lower court, directing a certain definite and specific judgment, the trial court does not act in reference thereto on its own initiative or motion, but its duties in respect thereto are more or less ministerial. This court determined the merits of the issues which were presented, to wit, whether the plaintiffs were entitled to cancellation of the leasehold by defendant. Those merits were presented and determined and the court found the issues against the plaintiffs on that question and directed the trial court in direct and explicit language to enter judgment in favor of the plaintiff in error, referred to as the defendant herein.

An action for cancellation of a lease attacks the validity of a lease. An action for recovery of rentals under a lease is inconsistent with the validity of a lease. The actions are separate and distinct. The question of the amount of rentals which were due or had accrued under the lease while the parties were litigating the forfeiture of the lease, and what defenses might be raised thereto by reason of said litigation and the effect of the consistent refusal to accept the tender of same, were not presented by any pleadings, and no adjudication was had thereon.

An examination of the petition for rehearing discloses that no effort was made on behalf of plaintiffs to show that said plaintiffs were entitled to any judgment for rentals under said lease. The trial court has no authority to make additional findings upon evidence originally offered or upon the original record in aid of its original judgment after this court has spoken by its mandate, and it is the duty of the trial court to endeavor to carry out the plain directions of the mandate. Duffitt & Ramsey v. Crozier, Judge, 30 Kan. 150, 1 P. 69.

In the case of Black v. Russell, 130 Okla. 180, 266 P. 448, wherein it was sought, by motion, to obtain additional attorney fees after the mandate had been received by the trial court, this court approved its former holding in the case of McNaughton v. Lewis, 126 Okla. 21, 258 P. 266, wherein it quoted approvingly from the case of Mountain Home Lumber Co. v. Swartwout, 33 Idaho, 737, 197 P. 1027, as follows:

"Where the mandate of an appellate court directs a specific judgment to be entered, the tribunal to which such mandate is directed must yield obedience thereto. No modification of the judgment so directed can be made by the trial court, nor can any provision be ingrafted on or taken from it. The reason for this rule is obvious. When a particular judgment is directed by an appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interest requires that there shall be an end to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey; otherwise litigation would never be ended, and the reviewing tribunal would be shorn of that authority over inferior tribunals with which it is invested by fundamental law."

After the approval of this language, this court said:

"In the case out of which this action arose the mandate is explicit. It directed the trial court to enter on its record the judgment rendered by the appellate court, 'and to issue such process and to take such other and further action as may be in accord with right and justice and said opinion,' in the execution thereof. No process was necessary as the judgment as rendered by the appellate court was paid, hence, no further action was required. The proceedings had, resulting in a second judgment of $1,300 against plaintiff as surety on the same bond on which the appellate judgment was rendered, were therefore in excess of authority of law, and for that reason without force or effect, and thus rendered attempted enforcement of such judgment subject to injunctive process."

To the same effect see: Harris v. Chambers, 121 Okla. 75, 247 P. 695; Randol v. Harbour-Longmire Co., 127 Okla. 7, 259 P. 548; Walker v. Bahnsen, 96 Okla. 133, 220 P. 334; Mountcastle v. Coppedge, 130 Okla. 293, 267 P. 258; Powell v. Bowen (Mo.) 240 S. W. 1085; Glaser v. Dannelley (N. M.) 193 P. 76; Cowdery v. London & San Francisco Bank (Cal.) 73 P. 196; State ex rel. St. George v. District Court (Mont.) 263 P. 97; Galbreath v. Wallrich, 48 Colo. 127, 109 P. 417, 139 Am. St. Rep. 263.

The trial court followed the mandate of this court and committed no error in refusing to grant judgment against said defendant for said rentals. It had no jurisdiction to do otherwise. This court did not by its judgment direct the trial court to render a judgment in favor of the plaintiffs against said defendant for said rentals. It is unnecessary to consider the question of the tender of rentals urged in the brief of plaintiffs and the issuance of the writ of mandamus in the light of our views herein expressed. The contentions of plaintiffs cannot be sustained. The judgment of the trial court in denying judgment for said rentals is affirmed, and the writ of mandamus is denied.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.