**WAGNER et al. v. EARP et al.**

No. 26867.  April 27, 1937.

B. B. Blakeney, Hubert Ambrister, and B. B. Blakeney, Jr., for plaintiffs in error.

Clyde L. Andrews and West & Davidson, for defendants in error.

PER CURIAM. This is an appeal from the order of the district court of Lincoln county, Okla., sustaining a motion of plaintiffs below to strike a supplemental answer filed in said cause by plaintiffs in error in this appeal, after the main case had been heard in the Supreme Court of Oklahoma, judgment had been entered, and the mandate had been sent to the district court.

In order to have a full understanding of this case, it will be necessary to refer to the judgment of this court on appeal in the main case of Earp v. Mid-Continent Petroleum Corporation et al., reported in 167 Okla. 87, 27 P. (2d) 855. In that suit the plaintiff Claude Russell Earp sought to recover an undivided 2/33 interest in and to certain real estate and the oil and gas rights in connection therewith, less such interest as may have been assigned by him to the defendants Fred Sowards, William J. Sowards, and F. H. Greer, trustee, and prayed that an oil and gas lease theretofore held by the plaintiffs in error herein be decreed terminated and of no further force or effect, and that the said lease and assignments be canceled as clouds upon the title of plaintiff, and that plaintiff have an accounting with the defendant Mid-Continent Petroleum Corporation for the oil and gas produced and saved from said premises. An answer was filed in said cause by the plaintiffs in error in the case at bar, in which they prayed for judgment quieting their title to the oil and gas lease against all of the other parties. Judgment was rendered in the district court, holding that the lease given by the plaintiff covering 2/33 interest in the land to the plaintiffs in error herein was valid, and that the title thereto should be quieted in John Wagner, E. C. Love, T. C. Ross, and Roy Dawson, plaintiffs in error herein. On appeal to this court the decision of the district court was modified and certain conclusions were stated in the opinion and judgment rendered, as follows:

"In conclusion it should be stated that the division of the oil from the premises should be as follows:

"1. The Mid-Continent Petroleum Corporation is liable to account to Earp and his grantees and Wagner and his associates for 2/33 of the market value of the oil and gas produced from the premises after deducting the reasonable and necessary cost of developing, extracting and marketing the same. This duty to account arises by reason of the existence of the relationship of cotenancy.

"2. There being no contractual relationship between the Mid-Continent and Earp or the Mid-Continent and Wagner, there is no duty on the part of the Mid-Continent to account to either of them until the reasonable cost of developing, extracting and marketing the oil has been satisfied.

"3. After production has passed a point when the costs have been satisfied, the question of division between Earp and Wagner arises. This depends on the contract between them. Under its terms Earp is entitled to receive 1/8 of 2/33 of all the oil and gas produced. This is based upon the amount of production from the beginning, and until Earp has received an amount equal to 1/8 of 2/33 of all oil and gas produced until the Wagner lease expired by its limitations, to wit, five years. Wagner and his associates are not entitled to anything.

"4. During this five-year period, and after Earp has received 1/8 of 2/33 as set out above, then Wagner and his associates are thereafter entitled to receive the remainder of 7/8 of 2/33 of all the oil and gas produced less 2/33 of the reasonable and necessary cost of extracting and producing and marketing all of the oil and gas products. The right of Wagner and his associates to participate in the proceeds of the oil and gas depends on their lease and ceased upon its termination. It is extended by the drilling of the Mid-Continent during the exploratory period of five years by reason of the contemporary construction of the parties, but terminates at the end thereof.

"5. At the termination of the five-years period of the Wagner lease, then Wagner's right to participate in the proceeds of the lease ends, and thereafter Earp shall receive 2/33 of the net profits of the lease without regard to any 1/8 royalty.

"The judgment of the trial court is, therefore, modified to conform to the views herein expressed, the duration of the Wagner lease being limited to five years, and as so modified the judgment is affirmed, and the case is remanded to the trial court for accounting in accordance with the views herein announced and the decision of this court in the case of Moody v. Mid-Continent Petroleum Corporation, supra, as per stipulation between the parties on the trial thereof."

It will be noted that in the decision nothing was said about any accounting between Earp and the plaintiffs in error herein. An accounting is ordered between Earp and the Mid-Continent Petroleum Corporation, and an accounting is also decreed between Wagner and the Mid-Continent Petroleum Corporation, in accordance with the decision of this court in the case of Moody v. Wagner et al., which decision is reported in 167 Okla. 99, 23 P. (2d) 633. Under the opinion of this court in the main case, the power of the district court was limited to an accounting between Earp and the Mid-Continent Petroleum Corporation.

When the mandate was sent to the district court of Lincoln county, plaintiffs in error filed in said court a supplemental answer asking, in substance, for an accounting with Claude Russell Earp for the rigs, pipe, casing, tanks, etc., used in producing oil from the land in which Earp owns 2/33 interest, and concluding with the following prayer:

"Wherefore, these answering defendants pray that an accounting be taken between Claude Russell Earp and any of his assignees that are entitled to claim adversely to these answering defendants; that the value of the equipment, casing and machinery be ascertained as of the date of the expiration of said lease, and the proportion to be charged against other joint owners, and that the rents and profits of the said lands be applied to the reimbursement of these answering defendants, and that they be awarded so much of the rents and profits and royalties as they may be entitled to under the said lease, and for all other relief that they may be entitled to, and that in the meantime, the Mid-Continent Petroleum Corporation be restrained and enjoined from making any payment on any of the royalty from the said 2/33 interest until the further order of this court."

Thereupon, Earp, plaintiff below, filed motion to strike said supplemental answer, as follows:

"Comes now the plaintiff, Claude Russell Earp, and moves the court to strike supplemental answer of the defendants, John Wagner, E. C. Love, T. C. Ross, and Roy Dawson, for the reason that the court has no power or authority to entertain or determine the questions presented by said supplemental answer and without jurisdiction except to direct an accounting between Earp and his grantees and the Mid-Continent Petroleum Corp."

Two orders sustaining the motion to strike the supplemental answer of the defendants, John Wagner, E. C. Love, T. C. Ross, and Roy Dawson, appear in the record, each dated September 17, 1935. In one, which was filed September 17, 1935, it is not shown that notice of intention to appeal was given, while in the other, which was filed October 15, 1935, such notice is shown. A motion to vacate or modify the last order was filed in the court below, and proposed amendments to the case-made

were also offered, in which the notice as shown in the said second order was also questioned, and a hearing was had thereon by the trial court. The case-made was duly certified by the trial court and both orders were left in the case-made. No minutes of the court clerk are shown with reference to the order filed October 15, 1935.

The defendants in error filed in this court their motion to dismiss this appeal, on the ground that no notice of intention to appeal to the Supreme Court was given at the time the first order, dated September 17, 1935, was made, or within ten days thereafter, and that the second order was, in effect, procured without any knowledge of the defendants in error. The motion was overruled and in their brief they ask for a reconsideration thereof.

It is the settled law in this state that a party desiring to appeal from any judgment or order of the district court shall give notice in open court, either at the time judgment is rendered or within ten days thereafter, of his intentions to appeal to the Supreme Court, and an attempted appeal taken without such notice will be dismissed. See Holbert v. Patrick, 72 Okla. 25, 177 P. 566; Nichols v. Lonsdale, 109 Okla. 59, 234 P. 753; State v. State ex rel. Shull, 142 Okla. 291, 286 P. 890.

However, in view of the fact that the second order above referred to was not vacated or modified by the trial court, and said order shows that notice of an intention to appeal was given in open court, this court is of the opinion that said order prevails, even though the record does not disclose that any minutes were made by the court clerk at the time, and even though the minutes made by the court clerk at the time the first order was filed, to wit, on September 17, 1935, did not show that any notice was given. The request for a reconsideration of the motion to dismiss the appeal is therefore denied.

Plaintiffs in error in their petition set out four assignments of error. All four may be disposed of by determining whether or not the trial court committed error in striking the supplemental answer of plaintiffs in error. The order of the trial court entered at the time the motion to strike the supplemental answer was presented, as shown by the case-made and also as quoted in the brief of plaintiffs in error, is as follows:

"On this 17th day of September, 1935, came on to be heard the motion of plaintiff to strike the supplemental answer of John Wagner, E. C. Love, T. C. Ross and Roy Dawson, and the court having heard argument of counsel, is of the opinion, and holds, that it is without jurisdiction or authority to entertain and determine the matters set up in said supplemental answer, and that its only jurisdiction and authority under the opinion and mandate of the Supreme Court in this case is to direct an accounting between Mid-Continent Petroleum Corporation and the plaintiff, Claude Russell Earp, and his grantees.

"It is therefore ordered that the motion to strike be, and the same is hereby sustained, and the said supplemental answer is stricken, to which ruling John Wagner, E. C. Love, T. C. Ross, and Roy Dawson except."

The supplemental answer raised questions not at issue in the main case. No accounting was ordered between Earp et al. and Wagner et al., and no direction was given to ascertain the amount due Wagner et al. for betterments, if any. In the case of Carlock et al. v. Chapman, 165 Okla. 23, 24 P. (2d) 661, this court has laid down the rule as shown in first, second, and third syllabus paragraphs, as follows:

" 'Where the mandate of an appellate court directs a specific judgment to be entered, the tribunal to which such mandate is directed must yield obedience thereto. No modification of the judgment so directed can be made by the trial court, nor can any provision be ingrafted on or taken from it.' Mountain Home Lumber Co. v. Swartwout, 33 Idaho, 737, 197 P. 1027; Black v. Russell, 130 Okla. 180, 266 P. 448.

" 'When a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey; otherwise, litigation would never be ended, and the reviewing tribunal would be shorn of that authority over inferior tribunals with which it is invested by fundamental law.' Mountain Home Lumber Co. v. Swartwout, 33 Idaho, 737, 197 P. 1027; Black v. Russell, 130 Okla. 180, 266 P. 448.

"In cases decided by the Supreme Court, brought on error, when the facts are found by the trial court, and a mandate is sent to that court directing it to render judgment upon the findings for the defendant below, the case is not to be retried by the district court upon the old facts, nor upon the facts which ought to have been, and might have been, presented on the trial.' Duffitt & Ramsey v. Crozier, Judge, 30 Kan. 150, 1 P. 69."

In the case of Mountcastle v. Coppedge, 130 Okla. 293, 267 P. 258, this court held:

"The court to which the Supreme Court

mandate is issued should comply therewith, interpreting the mandate in the light of the Supreme Court's opinion."

And in Walker v. Bahnsen, 96 Okla. 133. 220 P. 334, stated the rule as follows:

"Where an opinion is rendered upon questions of law presented to this court in a case, and mandate issues accordingly to the lower court, then upon motion for judgment upon the mandate and opinion of this court. the trial court has **no further authority in the premises than merely to render judgment and proceed in conformity with the opinion and mandate of this court,** and where such is done, the judgment of the trial court will not be disturbed."

To the same effect see Harris v. Chambers, 121 Okla. 75, 247 P. 695; Randol v. Harbour-Longmire Co., 127 Okla. 7, 259 P. 548; Powell v. Bowen (Mo.) 240 S. W. 1085; Glaser v. Dannelley (N. M.) 193 P. 76; Cowdery v. London & San Francisco Bank (Cal.) 73 P. 196: State ex rel. St. George v. District Court (Mont.) 263 P. 97: Galbreath v. Wallrich, 48 Colo. 127, 109 P. 417, 139 Am. St. Rep. 263; Armstrong v. White, 122 Okla. 78, 251 P. 46; St. Louis-San Francisco Railroad Co. v. Hardy. District Judge, 45 Okla. 423, 146 P. 38.

Plaintiffs in error contend that they are entitled to an accounting for drilling rigs. pipe, casing, oil well equipment, etc., placed on the 2/33 interest on which they held a lease. This question was not before this court when the main case was considered; the opinion as rendered and the mandate are silent thereon. If the district court had no jurisdiction to try these new issues when the case was returned to said court, the contention of plaintiffs in error therefor became immaterial and presents no issue to be passed upon in this opinion, other than to state the supplemental answer offered amounts to an attempt to have the district court modify the opinion and mandate of the court in the main case, which is not permissible, as has been hereinabove shown.

The trial court followed the opinion of this court and the mandate issued thereon in the main case, and committed no error in striking the supplemental answer, which was filed after the mandate had been received by the district court. It had no jurisdiction to try the issues raised by said supplemental answer. This court did not, by its judgment, direct the trial court to require an accounting between Earp et al. and Wagner et al., or to determine any rights Wagner et al. might have under the

"Occupying Claimants" statute. The judgment of the trial court in striking the supplemental answer is affirmed.

The Supreme Court acknowledges the aid of Attorneys Harry G. Davis and Wm. B. Moore in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Davis and approved by Mr. Moore, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, and HURST, JJ., concur.