## J. E. PETRIE v. J. N. COULTER, *Receiver.*

(Filed June 30, 1900.)

1. APPEAL FROM PROBATE COURT—*Transcript.* It is not necessary upon an appeal from the jurisdiction of the probate court to the district court, that such a transcript shall accompany the papers in the case as is required upon appeal from a justice of the peace. In this case the pleadings in the cause, with the journal entry of judgment, certified by the probate judge with the seal of his court, together with the appeal bond approved by the probate judge, were brought into the district court with the papers in the cause. The case went to trial upon the merits, no defect in the record having been pointed out to the district court below, and if any such existed, it was waived thereby.

2. CORPORATION, SUBSCRIPTION TO. Upon a proposal to organize a bank, the plaintiff in error signed the subscription list thereto for the sum of $500.00, and gave his promissory note therefor. It is no defense to the action that the charter, which was in proper form, did not state all of the specific articles of the subscription list, which included qualifications of directors as to residence, with method of filling vacancies in the directorship and other things, does not state qualifications of directors as to residence, and that there was a method of filling vacancies which proved for a limitation upon the powers of the association to do business, and methods of collecting assessments and making loans, selection of president and procuring a charter; and the fact that provisions for all of these conditions existed in the subscription list and were not embodied in the charter, constituted no defense to the action.

(Syllabus by the Court.)

*Error from the District Court of Pawnee County; before A. G. C. Bierer, District Judge.*

*A. J. Biddison,* for plaintiff in error.

*Morphis & Mosier,* for defendant in error.

#### STATEMENT OF THE CASE.

This is an action brought by Coulter, as receiver of the Farmers and Citizens Bank upon a note for the

sum of $500, dated May 16, 1895, payable twelve months after date, to the order of C. L. Berry, cashier, at the office of the Farmers and Citizens Bank, Pawnee, Oklahoma.

The amended petition, upon which the case was tried, averred that Coulter had been apointed by the district court of Pawnee county to be receiver of the Farmers and Citizens Bank, in an action in which one Mandel was plaintiff, and the Farmers and Citizens Bank was defendant, and that the receiver had been directed by the district court to sue upon the notes and accounts in his hands as receiver, and that the note sued upon was one of the assets of the bank which had come into his possession as such receiver.

Petrie set up in his answer as a defense, that the note sued upon was "accomodation" paper, for the benefit of a corporation then to be organized, in which C. L. Berry was to be cashier, and defendant was to be a stockholder, and that the note was without any other consideration, and that the corporation was never organized as agreed upon.

The action was begun in the probate court of Pawnee county, where Petrie had judgment, from which Coulter, as receiver, appealed to the district court of Pawnee county. The cause was tried by a jury, and resulted in a verdict and judgment in favor of Coulter, the receiver.

Opinion of the court by

McATEE, J.: When the cause was called for trial in the district court the defendant objected to any proceedings therein, for the reason that the court had no jurisdiction of the cause. The objection was overruled, and it is now contended that this ruling was erroneous, since

there was no certificate attached to the record from the probate court, and that the transcript does not show that an appeal was taken.

This contention is supported upon the authority of *Struber v. Rohlfs*, 36 Kan. 202, in which the court holds that upon a statute requiring justices of the peace to enter in a book, termed a docket, that "If an appeal is taken, the undertaking, the time of entering into the same and by which party taken, must affirmatively appear therein; and that the appeal was taken within ten days of the rendition of the judgment must appear from the transcript of the justice." The case does not support the contention here.

The appeal is from the probate court, and not from the jurisdiction of a justice of the peace. The record shows that at the time of the objection to the jurisdiction of the district court, it was not made "on account of the want of certificate or transcript of the probate judge, and the case was tried and presented as if duly certified," and that the first suggestion to the trial judge that the papers were not duly certified was made to him at the time the case-made was presented for settlement. The journal entry of judgment certified by the probate judge, with the seal of his court, together with the appeal bond approved by the probate judge, were brought into the district court with the papers in the cause, including all the pleadings, and these were sufficient to give the district court jurisdiction.

It is stated in the brief of the plaintiff in error that the receiver who sues in this cause was appointed in an action for the dissolution and winding up of the affairs of an insolvent bank, and that the "plaintiff in error had

never attended any meeting, had taken no part in the organization, control or management of the institution, and that it had been organized under different articles from those which he had signed, and agreed to, and that he had withdrawn the deposit that he carried with the bank while a partnership, and had nothing further to do with the institution." On the contrary, it is declared in the brief of defendant in error, that the receiver was appointed in an action by a depositor who claimed that the bank owed him $137.39, as a balance due on a general deposit. Those declarations, flatly contradict each other, concerning a matter not in evidence.

It is again stated in the brief that the receiver was not appointed in a creditor's action, and that no special equities are in evidence that would entitle him to recover where the corporation itself would not.

Petrie himself testified that he had signed the subscription list, subscribing to the proposed capital stock of the new bank the sum of $500.00, the amount of the note sued upon, but that he had simply placed it in the possession of Berry, the cashier, as "accommodation" paper. The jury found in favor of Coulter, the receiver, and made the following special finding of fact:

"Question. Was the note sued upon given in payment upon the subscription introduced in evidence? Answer. Yes. G. S. VanEman, Foreman."

We think that the jury's finding was supported by a preponderance of the evidence.

It is contended, however, that the bank was not organized in accordance with the terms of the subscription, inasmuch as various provisions of the subscription list, to which the defendant has attached his name and upon which he had made his subscription, were not incorpor-

ated in the charter; namely, that the charter does not state the qualifications of directors as to residence and other things; that the method of filling vacancies, providing for a limitation upon the powers of the association to do business, and the method of collecting assessments, making loans, selection of president, and procuring a charter in violation of the provisions of article 16, and the selection of directors, are omitted from the charter, but are stated in the original subscription list, to which the defendant, Petrie, had appended his name. These matters constitute no defense to the action. The articles of incorporation are in proper form and contain all that is requisite under the statutes of the Territory, and if any of the articles of the subscription were not complied with in detail as the defendant, Petrie, may have desired, they do not constitute a defense.

After making the subscription he turned over the organization, control and management of the institution entirely to others, and as is said by himself in his brief, "took no part in the organization, control or management of the institution, and never attended any of its meetings."

We have read the evidence and find that it strongly supports the conclusion of the jury, and we find no error in the instructions.

The judgment of the court below will be affirmed.

All of the Justices concurring.