## WOODS et al. v. VANN et al.

No. 16901. Opinion Filed Sept. 28, 1926.

Rehearing Denied June 14, 1927.

**1. Courts—Judgment — Probate Court as Court of Record—Conclusiveness of Judgments not Appealed from.**

The probate court is, upon all matters upon which it is authorized to act, and upon which it has jurisdiction, a court of record and of final authority, and its final judgments are in such matters, absolute, unless appealed from.

**2. Executors and Administrators—Distribution of Estate—When Proper.**

Upon final settlement of an account of an executor or administrator, or at any subsequent time, upon the application of the executor or administrator, or of any heir, legatee or devisee, the court must proceed to distribute the estate of the decedent over which it is exercising jurisdiction.

**3. Same—Finality of Distribution—Collateral Attack.**

Where an administrator with the will annexed is duly appointed by the county court having jurisdiction of decedent's estate and the will is duly admitted for probate, and thereafter such administrator files his final report, and after due notice

of hearing on such final report the county court approves the report and distribution of the estate according to the terms of the will, such approval of distribution unappealed from becomes final against all persons not under legal disability, and cannot be attacked collaterally.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Mayes County; O. H. Searcy, Assigned Judge.

From a judgment quieting title to certain lands in George Vann, R. M. Mountcastle, Q. B. Boydston, Plue Smith, and Preston Smith, and awarding partition, the interveners, Emily Woods and Belle L. Armstrong, appeal. Reversed and remanded, with directions.

W. H. Kornegay, for plaintiffs in error.

R. M. Mountcastle, Q. B. Boydston, and Leahy & Brewster, for defendant in error.

Opinion by RUTH, C. This is an appeal from a judgment of the district court of Mayes county, in which the court found one Rosa Smith died about March 1, 1915, seised of certain lands; that George Vann was her "lawful surviving husband, and as such succeeded to the ownership of an undivided one-third interest in and to the lands of Rosa Smith, and George Vann had conveyed an undivided one-half of his interests to R. M. Mountcastle and Q. D. Boydston. The court further found that on November 23, 1917, one Hardy Smith and Essie Smith, his wife, executed a certain note and mortgage to J. F. Armstrong, said mortgage covering Hardy and Essie Smith's interests in the lands of which Rosa Smith died seised; that J. F. Armstrong is deceased, and an administrator duly appointed, and Emily Woods has acquired all the interest conveyed by the mortgage to Armstrong.

The court further found Hardy and Essie Smith had no right, title, or interest in the lands so mortgaged, adverse to George Vann, R. M. Mountcastle, and Q. D. Boydston, and the mortgage executed by the Smiths constitutes a cloud upon the title, and quiets title in Vann, Mountcastle and Boydston, and decrees partition. It appears this decree was entered March 12, 1924, in an action wherein R. E. Thompson, as administrator of the estate of C. N. Kay, was plaintiff, and Plue Smith, Preston Smith R. M. Mountcastle, Q. B. Boydston, Jim Vann, George Vann, Minnie Wilson, nee Vann, and Susie McNack, nee Vann, were defendants. What the nature of this action was,

does not appear from the record, as none of the pleadings or proceedings, except the journal entry of judgment referred to, are set forth therein. It does not appear Hardy Smith, Essie Smith, J. F. Armstrong, or his administratrix, or Emily Woods, were parties to that action, and the judgment was never appealed from.

On January 27, 1925, more than ten months after this decree was entered, there was filed in the cause what is denominated a "supplemental petition on behalf of George Vann, R. M. Mountcastle, and Q. D. Boydston," in which they recite that, under the decree herein referred to, the following interests to the lands of which Rosa Smith died seised, appear, that is to say, George Vann an undivided one-sixth interest, R. M. Mountcastle and Q. D. Boydston an undivided one-sixth interest, C. N. Kay's estate an undivided one-sixth interest, Plue Smith an undivided one-sixth interest. They then allege Belle L. Armstrong, as administratrix of the estate of J. F. Armstrong, claims some interest in the lands, and pray their title be quieted against such interest or claim, and pray partition.

On February 16, 1925, they pray Belle L. Armstrong be made a party. To be the most charitable, we must say this is a very unusual and irregular, and as far as we are advised, unprecedented manner of proceeding for a partition of lands; however, no exception was taken to the filing of the "supplemental petition," and as the parties submitted to the jurisdiction of the court, a review of the whole record discloses the equities of the case may be adjudicated in this appeal.

After being made a party, Belle L. Armstrong filed her answer, in which she denies George Vann was the husband of Rosa Smith, and alleges Hardy Smith was the husband of Rosa at the time of Rosa's death, and Plue and Preston Smith are the children of Hardy and Rosa, and prior to her death in 1915, Rosa conveyed her lands by deed to Hardy, Plue, and Preston Smith, and Rosa also devised one-third of the lands to Hardy Smith by will. The will was duly filed for probate, and Hardy Smith filed his petition for letters of administration, and George Vann, Mountcastle, Boydston, Jim Vann, Minnie Wilson, nee Vann, and Susie McNack, nee Vann, each appeared and contested the right of Hardy Smith to participate in the distribution of the property; that Hardy Smith was not the husband of Rosa Smith; was not entitled to letters of

administration, and contested the probating of the will; that after full hearing had, the will was admitted to probate; Hardy Smith was decreed to be the husband of Rosa Smith at the time of her death and entitled to a one-third interest in her real estate. An appeal was duly taken to the district court, where the judgment of the county court was affirmed on November 11, 1916.

Emily Woods answers and adopts the answer of Belle L. Armstrong, and relies upon the judgment of the county and district courts, declaring Hardy Smith the surviving spouse of Rosa Smith. Intervener alleges she is the owner and holder of the mortgage executed by Hardy and Essie Smith, and prays foreclosure. Other pleadings were filed, which it is unnecessary to herein set forth. After hearing had the court rendered judgment quieting title in George Vann, Mountcastle, and Boydston, and decreeing partition as hereinbefore set forth, and Belle L. Armstrong and Emily Woods present this cause for review upon petition in error and case-made.

In his contest of the will, George Vann specifically alleges contestant is the surviving husband of Rosa Smith, and the issues were found against him, and the court found "that Hardy Smith is the surviving husband of Rosa Smith." Upon appeal to the district court questions of fact and of law were presented:

"(1) That the deed was not a part of the will, and it appearing too, that the two papers (will and deed) tendered, were the last will and testament of decedent, or that the papers were executed with the formality required by law. (3) That the court erred in admitting the papers to probate as the last will and testament of Rosa Smith."

On November 11, 1916, the district court of Mayes county affirmed the findings and judgment of the county court, and Hardy Smith was duly appointed administrator, cum testamento annexo, and proceeded to administer the estate, and on January 30, 1918, the administrator filed his final report, in which he sets forth the claim against the estate, and that all claims have been satisfied, and that Hardy Smith, Preston Smith, and Plue Smith are the devisees of the real estate of Rosa Smith, deceased (describing same), and prays the court that his report and distribution be accepted and approved, and that the court make an order resting title in the lands in Hardy Smith, Preston Smith, and Plue Smith, and discharging him and releasing the sureties on his bond.

On February 21, 1918, more than 20 days after the filing of the final report, the county court entered its order approving the final report, and this order recites:

"This cause coming on for hearing upon the final report of the administrator with the will annexed, and it appearing to the court that said cause has been regularly set for hearing on this date; that notice of said hearing has been given as required by law and the order of this court," etc.

The court then proceeds to find that Rosa Smith died testate, and that in accordance with her will Hardy Smith, Preston Smith, and Plue Smith are entitled to the lands, and decrees title in them. This judgment of the county court was not appealed from, and became a final judgment, the court having found notice of the hearing of the final report had been given as required by law, and it is not until seven years and ten months thereafter, that defendants in error assert any claim to the lands, and then they appear as filing a "supplemental petition" in an action in which they were not petitioners at any time, so far as the record discloses, and pray partition of this land among them to the exclusion of Hardy Smith.

Section 1336, C. O. S. 1921, provides:

"Every account for final settlement and distribution of an estate shall stand for hearing at a date to be fixed by the county judge, not less than 20 days after the filing thereof; and notice of such hearing shall be given by publication for two consecutive weeks in some newspaper of general circulation published in the county, showing the name of the decedent and of the executor or administrator, the date of the hearing, and that such account is for final settlement and distribution."

The order of the court approving the final account and distribution found the notice had been duly given. It was a matter over which the county court had jurisdiction, and not being appealed from becomes conclusive on collateral attack.

Section 1339, C. O. S. 1921, provides:

"The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability," etc.

Our attention has not been directed to any opinion of this court on the precise point in question, but as this section of the statute was adopted from the Code of California, and while not conceding the construction

of a statute by the Supreme Court of the state from which it was adopted is conclusive upon this court, nevertheless this court has repeatedly held:

"Where a statute taken from another state has at the time of its adoption been construed by the highest court of the state from which it was taken, it is presumed that the legislative body which adopts such statute adopted it as construed by such highest court." Conwill v. Eldridge, 71 Okla. 223, 177 Pac. 79; Lovejoy v. State, 18 Okla. Cr. 335, 194 Pac. 1087; St. L. & S. F. Ry. Co. v. Bruner, 52 Okla. 349, 152 Pac. 1103.

In construing a section identical with section 1339, supra, the Supreme Court of California, in In re Couts' Estate, 25 Pac. 685, held:

"Under Code of Civil Procedure (Cal.) sec. 1637, providing that the settlement and allowance of an executor's account is conclusive as to all interested, except those under disability, an order settling an executor's account, and allowing a claim included therein of a third person for services rendered the estate, is conclusive on the devisees who do not appeal." See In re Bell's Estate (Cal.) 95 Pac. 372, 378.

The county court, in approving the final report of the administrator, found that notice had been given of the settlement and distribution as provided by law, and proceeded to distribute the estate, and its order of distribution was not appealed from:

"The probate court is, upon all matters upon which it is authorized to deal and upon which it has jurisdiction, a court of record, and of final authority and its final judgments are in these matters absolute, unless appealed from." Greer et al. v. McNeal et al., 11 Okla. 519, 69 Pac. 891; Ward et al. v. Co. Com'rs, Logan Co., 12 Okla. 267, 70 Pac. 378.

Under section 6463, Rev. Laws 1910 (section 1359, C. O. S. 1921):

"Upon final settlement of the accounts of the executor or administrator, or at any subsequent time, upon the application of the executor or administrator, or of any heir, legatee, or devisee, the court must proceed to distribute the residue of the etsate" of the decedent over which it is exercising jurisdiction. Gray v. McKnight, 75 Okla. 268, 183 Pac. 489.

"A decree of distribution of a county court cannot be successfully attacked in a collateral proceeding for mere irregularities in the proceedings in the county court." Gray v. McKnight, supra.

For the reasons herein stated the judgment of the trial court must be reversed, and this cause remanded, with directions

to vacate the judgment quieting title to the lands in George Vann, R. M. Mountcastle, and Q. D. Boydston, and decreeing partition, and to enter judgment for the intervener Emily Woods for the amount due on the mortgage held by her and executed by Hardy Smith and Essie Smith, and foreclosure of the mortgage and for costs.

By the Court: It is so ordered.

Note.—See under (1) 15 C J. p. 1009, §491; p. 1021, §442; 15 R. C. L. p. 996: 3 R. C. L Supp. p. 516. (2) 24 C. J. p. 472, §1281. (3) 24 C. J. p. 532, §1404; p. 1025, §2482; p 1031, §2487.