## MOUNTCASTLE et al. v. COPPEDGE, Judge.

No. 19223. Opinion Filed May 8, 1928.

(Syllabus.)

**Appeal and Error—Mandamus—Misconstruction by Trial Court of Opinion of Supreme Court in Connection with Mandate—Mandamus to Correct Mistake.**

Where a mandate is issued by the Supreme Court, it becomes the duty of the court to which the same is directed to comply therewith, interpreting such mandate in the light of the opinion of this court rendered in said cause, and if the trial court misconstrues such opinion, this court may, by mandamus, cause such mistake to be corrected, but where there is no misconstruction on the part of the trial court, the writ will be denied.

Original action for writ of mandamus by

R. M. Mountcastle et al. against Ad V. Coppedge, Judge of District Court of Twenty-Third Judicial District. Writ denied.

Leahy & Brewster, for petitioners.

W. H. Kornegay, for respondent.

RILEY, J. By this original action a writ of mandamus is sought to secure a construction of a mandate accompanying an opinion of this court contrary to the manner in which the honorable district judge, respondent, has construed the order of this court and in accord with the view of petitioners.

Honorable Ad V. Coppedge, district judge, respondent, has filed his response, waiving notice, and saying he has entered judgment in accord with the mandate of this court as interpreted by him, but that he is willing and ready to modify the decree in any manner this court may indicate.

This matter involves the construction of the mandate in Woods v. Vann, 125 Okla. 121, 256 Pac. 918, which decision reversed the judgment of the trial court. A statement of facts therein is made.

Upon receipt of the mandate, the trial court rendered judgment thereon: (1) Setting aside the judgment of May 1, 1925; (2) setting aside a former judgment quieting title of March 12, 1924; (3) awarding judgment for costs against petitioners herein; (4) directing general execution for costs.

Petitioners' chief contention is based upon the matter of judgment for costs against them. They contend the mortgaged property should bear the costs and that it should not be directed to be collected by general execution.

The decision and opinion in Woods v. Vann, supra, reversed the judgment of the assigned trial judge wherein title in lands had been quieted in Vann, Mountcastle, and Boydston and wherein partition had been decreed. The opinion and decision ordered a vacation of the judgment so rendered below and directed the entering of a judgment for the intervener, Emily Woods, for the amount due on the mortgage on the lands held by her and executed by Hardy and Essie Smith, and further directing foreclosure of the said mortgage, and further directing costs.

It may or may not be that the land involved in the directed foreclosure will pay the debt evidenced by the mortgage held by Emily Woods. Of course, Hardy Smith, who created the indebtedness, is personally liable, but, again, he may or may not be financially

responsible. He is not a party to this proceeding, and may or may not be found.

There may be other assignors of the paper. With them we are not concerned. The petitioners contested the mortgage and lien on the land held by Emily Wood, contending that her instruments were valueless for that the maker held no interest in the land, but that the land belonged to them and title should be quieted in them, striking down the pretended lien of Emily Wood. Eventually Emily Wood prevailed, and at this juncture the petitioners pray and contend that the cost of the constroversy be drawn directly from the value of the land responsive to the lien and not from petitioners, who ineffectually claimed title to the whole of the land.

In other words, the petitioners brought the mortgagee into court, contending that she had no interest in the land, and in addition to securing such a judgment below, they got a judgment against her for costs. She secured a reversal, and now the petitioners, who clamored and challenged the mortgagee's lien, desire that the cost of clamor be charged against their successful adversary's interest and not against them. We cannot agree.

Petitioners, who forced Emily Woods to defend her lien under their invalid claim of being owners of the land, are not liable on the mortgage debt, nor attorney fee, nor cost of foreclosure thereof. We can see no reason why they should not be personally liable for costs in the cause incurred by reason of their claim and litigation, in natural justice and under the statutes applicable to the facts here involved.

The judgment reversed had confirmed the prior judgment of March 12, 1924. That matter is not material to the issue here. If that prior judgment is void, then setting it aside is merely a matter of clearing out dead wood.

The fact of that prior judgment, connected as it was with the subject-matter of the litigation and considered in the opinion, does not warrant the issuance of the writ of mandamus.

The writ is denied.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Notes.—See 4 C. J. p. 1221, §3271; 38 C. J. p. 642, §155.