## STATE ex rel. DEVONIAN OIL CO. v. SMITH, Judge.

No. 19395. Opinion Filed Sept. 10, 1929.

Randolph, Haver, Shirk & Bridges, for petitioner.

RILEY, J. Herein is sought a writ of mandamus to compel the respondent, district judge of Logan county, to enter judgment for the Devonian Oil Company and against A. L. Brown pursuant to an opinion and mandate of this court.

An alternative writ was granted June 25, 1928. Brown, in the year 1926, sued the Devonian Oil Company in the district court of Logan county, seeking to cancel an oil and gas lease and damages. The trial court entered judgment in favor of Brown, canceling the lease. An appeal was lodged in the Supreme Court, and on October 4, 1927, this court reversed and remanded the cause (128 Okla. 149, 262 Pac. 1071) with directions to the trial court to vacate its judgment and to enter judgment in favor of plaintiff in error, the Devonian Oil Company. The mandate of this court issued January 25, 1928, and on March 5, 1928, same was spread of record. On April 28, 1928, the plaintiff in error therein, the Devonian Oil Company, presented to the respondent judge of the district court, a motion to enter judgment in its favor pursuant to said mandate, but the respondent denied the motion under the theory, as disclosed in his response, that this court's judgment was ambiguous, in this, to wit: It was not clear to him whether judgment should be entered in accord with prayer of the petition in error or the prayer of answer and cross-petition of defendant below,

and as a result of which he awaited directions by writ of mandamus. Another contention advanced in the brief on behalf of respondent is that Rule 7 of this court does not give authority to reverse the judgment of the trial court, direct it to vacate its former judgment and enter judgment in favor of plaintiff in error, as was done in this case. In other words, it is asserted that the Supreme Court can go no further in its judgment than the rules expressly authorize, and that there is no authority to do more than enter judgment reversing the case. With that contention we cannot agree. That point has been repeatedly decided to the contrary. City Nat. Bk. v. Coatney, 122 Okla. 233, 253 Pac 481; Lawton Nat. Bk. v. Ulrich, 81 Okla. 159, 197 Pac. 167; C. R., I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34.

Section 801, C. O. S. 1921, provides:

"When a judgment or final order shall be reversed on appeal, either in whole or in part, the court reversing the same shall proceed to render such judgment as the court below should have rendered, **or remand the cause to the court below for such judgment.**" Beams v. Young, 92 Okla. 294, 222 Pac. 954.

The clerk of this court is directed to issue the writ of mandamus to the Honorable Charles C. Smith, district judge of Logan county, and therein direct him to enter judgment in cause 5166, district court of Logan county, styled "A. D. Brown v. Devonian Oil Company, a Corporation," pursuant to the mandate of the Supreme Court of the state of Oklahoma: (a) Vacating the judgment of said district court in favor of said A. L. Brown, entered by said court January 15, 1927; and (b) enter judgment, declaring the defendant in said cause 5166 to be the sole owner of an oil and gas mining lease described as N. ½ of N. E. ¼ of section 22, twp. 18N, range 4 west, Logan county, Okla., quieting title of said Devonian Oil Company to said oil and gas mining lease; and (c) decreeing the said Devonian Oil Company to have and recover its cost expended in such sum as said court finds under the law to be just.

MASON, C. J., LESTER, V. C. J., and CLARK, HEFNER, CULLISON, and ANDREWS JJ., concur.

HUNT and SWINDALL, JJ., absent, not participating.