**FLYNN v. VANDERSLICE et al.**

No. 22847. March 5, 1935.

Rehearing Denied May 21, 1935.

R. E. Bowling, for plaintiff in error.

Blanton, Osborn & Curtis and J. T. Wheeler, for defendants in error.

PER CURIAM. This is an action in ejectment, commenced October 18, 1930, in the district court of Murray county, by the plaintiff in error, Eliza Flynn, as plaintiff, against the defendants in error, Jacob Vanderslice, Rebecca A.. Vanderslice, Maulsie Beula Stone, nee Vanderslice, Robert J. Vanderslice, and Mary Pairlee Tate, nee Vanderslice, as defendants.

In her petition in the. district court, basing her claim of title upon inheritance from her father, Robert J. Vanderslice, deceased, plaintiff sought to recover an undivided one-sixth interest in a large amount of real property. The petition alleged that the defendant Rebecca A. Vanderslice was the widow of the said decedent, and that the other defendants were his remaining children; and that plaintiff and defendants were the sole and only heirs at law of her father. Plaintiff alleged that an instrument had been admitted to probate, in the county court of Murray county, as the last will and testament of her father; and in her petition she sought to recover as an heir in disregard of the provisions of that instrument. She based her claim of title upon heirship, an allegation that her father died intestate, and the following further ' allegations quoted from her petition, to wit:

"Plaintiff alleges and states that the said Robert J. Vanderslice left no will that she can in any way discover; that the purported will offered for probate was not the last will and testament of the said Robert J. Vanderslice and has never been determined as such by the court; that no final judgment has been rendered in the matter."

In her petition below, in addition to her said allegations as to the title of both plaintiff and defendants, as the basis of her claim of right to maintain ejectment, plaintiff alleged that she was prevented from attending the hearing in the county court for probate of her father's will by her reliance upon an unperformed representation and promise of defendants and proponents of the will to the effect that the will would not be probated at such hearing, but that the executors would be appointed administrators and the estate divided equally among the heirs; that after she learned that the will had been probated and executors appointed, she instituted in the county court a post-probate contest of the will, and had appealed to the district court from an order and judgment of the county court denying her contest; and that on such appeal, no transcript of the record in the county court having been filed in the district court, and the court clerk having docketed the appeal and treated the original county court papers as a transcript, the appealed cause came on for trial in the district court some three months after the appeal was taken, and that that court, upon refusal of plaintiff to proceed because no transcript had been filed, dismissed the appeal for want of prosecution. The petition then alleged that after the dismissal of her said appeal, plaintiff procured a transcript of the record of the county court in the matter of her contest and filed it in the district court.

The petition of plaintiff in the action below further alleged that the order of the district court in the probate case, dismissing her appeal from the county court order denying her contest of the will, was without jurisdiction and void, because no transcript of the case in the county court had been filed in the district court prior to the dismissal; that that appeal therefore is still pending in the district court, by reason of which there has been no binding order probating the will; that plaintiff has called the above facts to the attention of the county court by objection to that court proceeding with the probate administration, and to the attention of the district court by motion to vacate the order dismissing the appeal and by motion to vacate the same; that notwithstanding these facts, the county court is proceeding with the administration; and that, the premises considered, she

is entitled to maintain the ejectment action without regard to the alleged will and the proceedings in the probate case.

In her petition in this case plaintiff did not allege upon what grounds she based her contest of her father's will, nor whether she had appealed from the orders dismissing her appeal and denying her motions to vacate and for a new trial.

The present case comes to this court on appeal by plaintiff from an order of the district court sustaining a demurrer filed by defendants to the petition in ejectment, and dismissing the ejectment action upon election of plaintiff to stand upon her petition.

Plaintiff in error says that the district court sustained the demurrer to her petition because of her allegations in connection with the alleged will and probate proceedings in the matter of the estate of her father; and she contends that, this being an ejectment action and her petition containing the usual general allegations of title, and right to and withholding of possession, her more detailed and particular allegations should not be considered in determining the sufficiency of her petition.

It was formerly the law in Oklahoma that in an ejectment action plaintiff need not set forth in detail the facts relied upon to establish his claim. Frazier v. Nichols, 50 Okla. 41, 150 P. 711. Even under the statute as it so formerly existed, it had been properly held that where, in an action of ejectment, the plaintiff sees fit, in setting forth the statutory requirements of a cause of action, in addition thereto, to set out the title and source of title of each of the parties, and a demurrer is filed to such pleading, upon consideration of such demurrer all of the facts pleaded were to be considered in determining its sufficiency. Jones v. Carnes, 17 Okla. 470, 87 P. 652. However, the statute as it formerly existed was changed by section 467, Compiled Oklahoma Statutes 1921, now section 592, O. S. 1931. Following, quoting, and applying to an ejectment action the latter statute, in the case of Taylor et al. v. Campbell, 139 Okla. 110, 281 P. 243, this court announced what is now the proper rule in this state, as follows:

"Section 467, C. O. S. 1921, requires that, in an action for the recovery of real property, it shall be necessary for plaintiff to detail the facts relied upon to establish his claim, and to attach to his petition copies of all deeds or other evidences of title, and that the allegations of his petition be established by competent evidence whether answer be filed or not."

Applying that rule in the present case, all the facts pleaded in the petition of plaintiff will be considered in determining its sufficiency on demurrer.

The brief of plaintiff in this court cites decisions of this court to the effect that in proceedings to probate a will the only issue triable is the factum of the will, or the question of devisavit vel non, and dealing with the relative power or lack of power of the county and the district courts in proper forms of action to construe or interpret wills, to distinguish between valid and void dispositions, and to determine the rights of pretermitted children; and the brief contends that such cases dispose of the feature of the demurrer which raises the question of the effect of the probate proceedings in the Vanderslice estate, the contention being that in the ejectment case plaintiff seeks to have something done which the county court does not have jurisdiction to do, that is, to have the Vanderslice will or some part of it construed or interpreted or to establish pretermitted rights.

Such citations are not in point, and the correctness or incorrectness of those propositions of law are neither involved nor considered in this case, for the reason that the petition in this case contains no allegation whatsoever seeking either construction or interpretation of the Vanderslice will or any part of it, nor consideration of nor distinction between testamentary disposition or dispositions as being valid or void. The petition neither alleges the contents of the will nor definitely the effect of any testamentary disposition contained in it. Nor is there any allegation of partial intestacy by pretermission. The petition contains the general allegation that plaintiff's father died intestate and left no will so far as plaintiff can find, and that the instrument offered for probate was not the will of her father. These allegations, coupled with her lengthy pleaded attack upon the proceedings in the matter of her contest of the will, all as a basis of her claimed right to recover in ejectment the title of an heir, substantially and clearly show that the issue which plaintiff seeks to have determined is the factum or existence of the will itself. Without need to cite authorities, this court determines that under the hereinabove stated statutory rule

in actions for the recovery of real property, the petition does not state facts sufficient to constitute a cause of action for interpretation or construction of a will or testamentary disposition or for protection of pretermitted rights.

It is the opinion of this court that the order of the district court, dismissing the appeal of plaintiff from the order of the court denying her post-probate of the will, was not void for want of jurisdiction.

Plaintiff in error refers to a line of decisions by this court beginning with and following In re Folsom's Estate, 57 Okla. 79, 159 P. 751, in which it was held that where notice is given and bond executed for an appeal, in a probate matter, from the county court to the district court, the district court is without jurisdiction to dismiss the appeal until after transcript has been transmitted to the clerk of the district court to be filed in his office. Those decisions are distinguishable from this case. In this case the petition of plaintiff shows that the district court record of the case was sufficient to challenge the judicial attention of that court. The petition alleges that the original county court papers had been treated as a transcript, and the appeal docketed and set for hearing in the district court. Approximately three months had elapsed since this had been done, and appellant not only had not taken, but at the trial did not offer a request to be permitted to take, any steps to procure any other action.

The statute does not require a **transcript** in probate appeals. The literal requirement is certified copies. It will be presumed that the original papers bore proper official certificates of authenticity.

In the early case of Petrie v. Coulter, 10 Okla. 257, 61 P. 1058, the original papers in the county court were brought into the district court. When that case was called for trial in the district court, defendant objected to any proceedings therein for the reason that the district court had no jurisdiction of the cause. The objection was overruled, and on appeal to the Supreme Court of the territory of Oklahoma, defendant contended that that ruling was erroneous, since there was no certificate attached to the record from the probate court. The Supreme Court said:

"The record shows that, at the time of the objection to the jurisdiction of the district court, it was not made 'on account of the want of certificate or transcript of the probate judge, and the case was tried and presented as if duly certified,' and that the first suggestion to the trial judge that the papers were not duly certified, was made to him at the time the case-made was presented for settlement. The journal entry of judgment certified by the probate judge, with the seal of his court, together with the appeal bond, approved by the probate judge, were brought into the district court with the papers in the cause, including all the pleadings, and these were sufficient to give the district court jurisdiction."

The effect of the allegations of the petition in this case is to show that the facts in this case are the same as the above quotation from that case shows the facts in that case to have been, except as stated below. In that case, before the trial, appellee objected to the jurisdiction of the district court, but did not inform the court that the objection was upon the ground that there was no transcript certificate. In this case the objection was stated to be upon the ground that transcript had not been filed, but in this case appellee made no request to the district court to order the county judge to send up a certificate, and merely offered to obstruct the proceedings in the district court without offering or asking to cure any existing defect. As in the case of Petrie v. Coulter, supra, in this case the papers in the district court, if they were originals as alleged, would have borne the indicia of official certificate of authenticity, although not accompanied by formal transcript certificate.

In Petrie v. Coulter, the Supreme Court of the territory of Oklahoma said that the papers brought into the district court were sufficient to give that court jurisdiction, and that appellee waived the defect of the form of the papers and any absence of transcript certificate.

The practice of bringing the original county court papers to the district court on probate appeals is not commended. It will not be sustained in all cases, and is not here upheld as proper. However, that practice has been followed very generally, and in innumerable cases since prior to statehood courts and counsel on both sides of much litigation, particularly in the smaller counties, have been privy to the practice for the greater part of a generation, as an expense saving measure. During that time doubtless vast property rights have come

to be based upon it. Almost as ancient as the origin of the practice is the case of Petrie v. Coulter, supra, from the territorial court. This court will not hold void for want of jurisdiction what may be a vast number of judgments in the estates of deceased persons, the entry and validity of which find authority in Petrie v. Coulter, supra.

In this case, following the latter case, this court holds that where, upon an appeal from the probate jurisdiction of the county court to the district court, the original papers in the case in the county court are brought into the district court in lieu of certified copies, the same are sufficient to challenge the judicial attention of the district court to the case, and where the parties proceed thereon in the district court without objection, or in such manner as to waive or be estopped to question the sufficiency thereof, action of the district court in dismissing the appeal will not be held to be void for lack of jurisdiction of the appeal.

In this case, plaintiff in error, as appellant in the above case, during the three months after the taking of the appeal had some duty to observe and attend the transmission and filing of the appeal. She will be charged with having observed and attended the same. She permitted the case to be docketed in the district court as it was docketed, and to be set for trial, without an attempt to procure other or different action than that taken. At the trial, she merely objected to the district court proceeding, and made no effort to procure action by that court to correct any defect in its record, or to produce evidence other than her attorney's statements that the record was defective. Her acts were only obstructive, and without due consideration of the dignity and powers of the district court. This court thinks that the action of the district court in dismissing the appeal for want of prosecution was proper, and concludes that its order of dismissal was not void for lack of jurisdiction, and that the appeal was properly dismissed. By reason of such dismissal of the appeal, the order of the county court, from which the appeal had been taken, became final.

The effect of the petition of plaintiff in this case was to seek to have the district court in an original ejectment action determine the factum of the will, or set aside the will in disregard of the pending probate jurisdiction of the county court and the order of the county court admitting the will

to probate. In this state the law is well settled as being that where the county court, having jurisdiction of the probate of a will, enters its order admitting the will to probate, and such order becomes final, it cannot be attacked collaterally in the district court in ejectment brought by heirs to dispossess devisees of real estate devised to them by the will. This was the holding in the early case of Ward et. al. v. Board of Com'rs of Logan County, 12 Okla. 267, 70 P. 378.

The holding in the Ward Case is consistent with the relative jurisdiction conferred by our Constitution and statutes upon the county court and the district court.

The Ward Case has been frequently cited and commented upon, but never overruled, by this court. Lucas et al. v. Lucas et al., 65 Okla. 96, 163 P. 943; Woods et al. v. Vann et al., 125 Okla. 121, 256 P. 918.

In the case of State ex rel. Morrell v. Worten, 161 Okla. 130, 17 P. (2d) 424, this court referred to the various constitutional and statutory provisions dealing with the probate jurisdiction of the county court, cited various authorities, and held that where administration proceedings are pending in the county court having jurisdiction of settlement thereof, the district court is without authority to determine the heirs and partition the real estate belonging to the estate, except in the particular cases designated in the statutes.

In this case the action of plaintiff as disclosed by her petition was an attempt to have the district court exercise jurisdiction in an ejectment action in violation of the jurisdiction of the county court, and in derogation of the order of the latter court probating the Vanderslice will, which order had become final.

But plaintiff in error alleges in her petition in this case that in the probate case she was prevented from attending the hearing for probate of her father's will by her reliance upon representations by defendants in error, and others, to the effect that the will would not be probated at such hearing, but that thereat an administrator or administrators would be appointed and the estate distributed among the heirs equally. She contends that these allegations offer support of her claim of right to maintain her action in ejectment.

The brief of defendants in error states. and the records of this court indicate, that

plaintiff in error filed in the county court a motion to vacate the order admitting to probate the will of Robert J. Vanderslice, deceased, upon the same grounds involved in the contentions of plaintiff in error in this case, referred to in the immediately preceding paragraph hereof; that that motion was denied by the county court and by the district court upon appeal; and that appeal was taken to this court from the district court. It appears that in the case of Flynn v. Vanderslice's Estate, 134 Okla. 156, 273 P. 213, this court thoroughly considered and adjudicated the rights of plaintiff in error, on what seem to be the same facts, and held that the findings of the district court were properly supported by the evidence, and that the order denying the motion to vacate was properly overruled. However, this situation does not appear from the petition of plaintiff in this case, and it is that petition which the demurrer reaches. The above comment on the decision of the county court, the district court, and this court should not be taken as an adjudication in this case of the effect of the former decisions, or that they constitute res judicata in this case, or as dealing one way or the other with the effect of such decisions. The comment is made in this case as explaining that the effect of those decisions does not appear from the petition of the plaintiff in this case, and therefore cannot be considered by this court in acting upon a demurrer to the petition.

However, it is sufficient in this case to say that the remedy of plaintiff in error for any such misrepresentations as those alleged by her was by action in the probate case in the county court to vacate the order admitting the will to probate, in accordance with the provisions of sections 556 and 564, and related sections, Oklahoma Statutes 1931, and not in an independent ejectment action. The authorities hereinbefore cited are sufficient to sustain the conclusion that the order of the county court admitting the will to probate cannot be attacked by ejectment action in the district court. This court has held that the remedies provided by statute to vacate or modify a judgment or order of a district court of this state are exclusive of relief by direct suit in equity, unless there are reasons shown why the statutory remedy is inadequate. Amos v. Johnston et al., 162 Okla. 115, 19 P. (2d) 344. The same principle is applicable to judgments of the county court. The petition of plaintiff in this case purports to plead a cause of action in ejectment. Furthermore, it states no facts as reasons why the legal remedy may not be adequate. Leaving out of consideration the effect of the former decisions in the matter of the proceeding to vacate the county court order, on account of the fact that this court is dealing with a demurrer to a petition which does not allege those decisions, the allegations in the present petition in connection with alleged misrepresentations do not constitute a cause of action in this case.

This court finally concludes that the petition of plaintiff in this case did not state a cause of action, that the demurrer thereto was properly sustained, and that the case was properly dismissed by the district court.

The judgment of this court is that the order of the district court sustaining the demurrer of defendants to the petition of plaintiff, and dismissing this case, be, and the same hereby is, affirmed.

The Supreme Court acknowledges the aid of Attorneys Hunter Johnson, A. J. Biddison, and R. G. Lowe, in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Biddison and approved by Mr. Lowe and Mr. Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.