WHITNEY v. WHITNEY.

No. 32189. Feb. 11, 1947.

Rehearing Denied May 20, 1947.

Second Rehearing Denied June 17, 1947.

*181 P. 2d 245.*

Chas. E. McPherren and James R. Holbird, both of Oklahoma City, for plaintiff in error.

Geo. C. Crump, H. W. Carver, ana David M. Cook, all of Wewoka, for defendant in error.

RILEY, J. Mary P. Whitney has appealed from a judgment and decree (March 26, 1945) refusing to vacate a decree (April 7, 1943) entered upon receipt of mandate in Whitney v. Whitney, 192 Okla. 174, 134 P. 2d 357.

Plaintiff in error also seeks in this court a writ of mandamus upon the ground that the trial court misconstrued the decision of this court, supra, whereby the cause was remanded for further proceedings not inconsistent. It is urged that the trial court, after remand of the cause, erred in decreeing enforcement of a contract executed by the parties in contemplation of a divorce which was denied in the action on appeal for the reason that the relation of the parties was bigamous and not marital in character.

The trial court, on April 7, 1943, made a finding that the contract between the parties was approved by the Supreme Court and, by reason thereof, the trial court approved the contract and ordered its provisions to be enforced. In so doing, the trial court erred, for, by the law of the case as reflected by the opinion's syllabus, this court determined that in the character of the action pending, the same being one for divorce, the statutory power to adjust property rights under 12 O.S. 1941 § 1278 did not exist.

Likewise, the law of the .case, as reflected by the opinion's syllabus, is that the trial court was without authority to set the contract aside in the character of action then pending, the same being one for divorce, and that the contract could only be set aside on recognized grounds relating to contracts in general.

In Whitney v. Whitney, 194 Okla. 361, 151 P. 2d 583, involving an action for damages between the parties, the opinion made use of these words: "under the issues in the first suit, the court could not adjust the property rights," and "the contract made between the parties dur-ing the pendency of the first suit was not construed or approved in our former opinion."

In Mountcastle v. Coppedge, 130 Okla. 293, 267 P. 258, this court adhered to the rule that:

"Where a mandate is issued by the Supreme Court, it becomes the duty of the court to which the same is directed to comply therewith, interpreting such mandate in the light of the opinion of this court rendered in said cause, and if the trial court misconstrues such opinion, this court may, by mandamus, cause such mistake to be corrected, . . ."

In State, ex rel. First Nat. Bk. v. Ogden, Judge, 173 Okla. 285, 49 P. 2d 565, the rule stated in State ex rel. Devonian Oil Co. v. Smith, Judge, 138 Okla. 89, 280 P. 433, was relied upon in holding:

"It is the province of this court to construe its own mandate in connection with its opinion, and, if it finds that the trial court has misconstrued the same, the mistake may be corrected by writ of mandamus from this court."

From a review of the record, it is believed the trial court has misconstrued the mandate of this court in connection with the first opinion to which reference has been made.

It appears that the intent and purpose of the opinion was to say that because of the bigamous relation of the parties, divorce could not be granted, and that as a consequence, in the action for divorce then pending, the trial court was without power to adjust property rights as an incident to a marital relation which did not exist, and as a corollary, the trial court was in error in that action in holding void a contract predicated upon the relation of the parties.

By the decision, the parties were relegated to an independent suit for an adjustment of their property rights. Nevertheless, the trial court, as a part of the action for divorce, by final decree, enforced the provisions of the contract. The action of the trial court constituted a misconstruction of the mandate of this court, and while, by order, mandamus

has been denied, it is this court's policy, when intermediate orders are made in connection with an appealed case, to reconsider such orders when the merits of the appealed cause have been briefed. Upon such a reconsideration, the writ of mandamus is awarded and directed to the trial court commanding a vacation of the decree entered April 7, 1943, insofar as it enforced the contract so executed and existing between the parties as to their property rights.

This brings us to the appealed case. Each of the assignments of error in the cause appealed is based upon contentions of error. The writ of mandamus awarded sustains these contentions and it would serve no useful purpose to determine whether, as result of the decision first rendered, the trial court lacked jurisdiction in a proceeding for divorce, not available to the parties, to render the particular judgment construing and enforcing the contract in adjustment of property rights.

Plaintiff in error sought vacation of the decree by motion, and not by petition and summons. The motion was filed January 31. 1945, long after the term in which the decree was entered. By the motion, it is set forth that the trial court's decree enforcing the contract constituted a partial distribution of property; that the decree was without the issues presented in that action as determined on appeal and that the decree was beyond the jurisdiction of the trial court.

On behalf of defendant in error, estoppel is urged, in that plaintiff in error has accepted benefits under the contract. Upon consideration of the law of the case, together with the terms and purposes of the contract, we find estoppel is not applicable in the case at bar.

The contract appears to have been executed by the parties on September 12, 1940. Its purpose appears to be to make provision for the custody and education of five minor children, recognized as children of defendant in error, to secure appointment of plaintiff in error as their guardian, and to pay an attorney's fee and other cost for the guardianship proceedings, and, as an incident, to provide for the conveyance of described real and personal property to defendant in error, and to secure a release from plaintiff in error of all other claims and demands.

It seems that despite this court's rule of law stated in the fourth paragraph of the syllabus in Whitney v. Whitney, 192 Okla. 174, 134 P. 2d 357, adjudging the trial court to be "without authority" in the action for divorce either "to set the contract aside" or "attempt to adjust property rights . . . under the power granted a court in divorce relating to a valid marriage, . . ." the trial court fell into error in construing and enforcing the contract in the action for divorce.

There was some justification for the trial court in committing this error in that in the body of the opinion the following phrase is used: ". . . the trial court erred in treating the contract as not binding and *not* assuming to adjust the property rights of the parties." The phrase as so used in the body of the opinion is diametrically opposed to the rule of law as stated in the fourth paragraph of the syllabus which reads as follows: ". . . and the courts are without power to adjust these property rights on the basis of powers incident to the dissolution of a valid marital relation," as well as that contained in the fifth paragraph of the syllabus, ". . . the court is without authority to set the contract aside and attempt to adjust property rights . . ."

In view of the writ awarded, it is wholly immaterial whether the decree of April 7, 1943, is void on the face of the record for want of jurisdiction, or merely erroneous. The appealed case is dismissed.

HURST, C.J., and CORN, GIBSON, and ARNOLD, JJ., concur. DAVISON, V.C.J., and OSBORN, BAYLESS, and WELCH, JJ., dissent.